FILED
2023 Feb-16 PM 01:14
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| JAMES THOMAS, et al., <br><br> *Plaintiffs*, <br><br> vs. <br><br> WES ALLEN, in his official capacity as Secretary of State of Alabama, et al., <br><br> *Defendants*. | Case No.: 2:21-cv-1531-AMM |

## PLAINTIFFS' MOTION TO MODIFY STAY

Plaintiffs respectfully request that the Court modify its full stay of proceedings in this case, *see* ECF No. 61, to require the exchange of initial disclosures and allow the parties to conduct written discovery on Plaintiffs' racial gerrymandering claims only. A modified stay would be consistent with the *Milligan* panel's recent order modifying its prior stay to allow similar discovery prior to the Supreme Court's decision. *See* Scheduling Order, *Milligan v. Merrill*, No.: 2:21-cv-1530-AMM, ECF No. 157 (N.D. Ala. Jan. 10, 2023) (attached as Ex. A). Both cases involve the same Defendants and both have racial gerrymandering and Voting Rights Act ("VRA") claims concerning Alabama districts. Thus, modifying the stay in this limited manner will not unfairly prejudice Defendants. A modification will also allow the case to proceed more efficiently after the Supreme Court's decision. Defendants oppose this modification.

## BACKGROUND

Plaintiffs filed this action on November 16, 2021, challenging 11 Alabama State Senate districts and 21 State House districts as unconstitutional racial gerrymanders under the Fourteenth Amendment. ECF No. 1. On February 11, 2022, Plaintiffs filed an Amended Complaint that maintained their racial gerrymandering claims and added a claim under Section 2 of the VRA challenging the State's failure to draw an additional State Senate seat in Montgomery where Black voters had an equal opportunity to elect a candidate of choice. ECF No. 54 ¶¶ 6–8, 143–221, 232–38. Plaintiffs filed a Second Amended Complaint on February 25, 2022, that corrected errors but made no substantive changes. ECF No. 57.

*Milligan v. Merrill* also involves both VRA and racial gerrymandering claims, but challenges Alabama's congressional districts. After the court there granted a preliminary injunction on the VRA claim, s*ee* Prelim. Injunction Mem. Op. & Order, *Milligan*, ECF No. 107, the Supreme Court granted a stay and noted probable jurisdiction. *See Merrill v. Milligan*, 142 S. Ct. 879 (2022). The question presented is whether "Alabama's 2021 redistricting plan for its seven seats in the United States House of Representatives violated section 2 of the Voting Rights Act, 52 U. S. C. §10301."[1] The Court held argument on October 4, 2022. Its decision remains

---

[1] https://www.supremecourt.gov/search.aspx?filename=/docket/docketfiles/html/public/21-1086.html.

pending.

After the Supreme Court accepted jurisdiction in *Merrill*,[2] the panels both here and in *Milligan* stayed all discovery pending the Supreme Court's decision. *See* ECF No. 61; Order, *Milligan*, ECF No. 148 (May 2, 2022). Plaintiffs requested and were granted a status conference in which they argued for discovery on their racial gerrymandering claims only while *Merrill* proceeded in the Supreme Court, *see* ECF Nos. 62, 63, but this Court did not lift any aspect of the stay at that time.

The *Milligan* panel held a status conference on November 16, 2022, after which the parties conferred as to whether limited discovery could occur prior to the Supreme Court's decision without any undue burden or prejudice to the parties, and the parties ultimately proposed a consent order which that court signed on January 10, 2023. *See* Scheduling Order, *Milligan*, ECF No. 157. That order required the exchange of initial disclosures, and allowed for "written discovery relating to the intentional racial discrimination and racial gerrymandering claims, not to exceed 35 interrogatories, 30 requests for production, and an unlimited number of requests for admission," and fact discovery on the process and timing of implementing a new congressional map for the 2024 elections, including up to three depositions. *Id.* at 2–3.

---

[2] Hereinafter, "*Merrill*" refers to the Supreme Court proceedings and "*Milligan*" refers to the district court proceedings in that case.

## ARGUMENT

When "there is even a fair possibility" that a stay sought or supported by a party "will work damage" to another party, the proponent "must make out a clear case of hardship or inequity in being required to go forward." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936). Because of the often-harsh effect of a stay, a court must continue to "weigh competing interests and maintain an even balance." *Id.*

Specifically, when "a district court exercises its discretion to stay a case pending the resolution of related proceedings in another forum, the district court must limit properly the scope of the stay." *Ortega Trujillo v. Conover & Co. Commc'ns*, 221 F.3d 1262, 1264 (11th Cir. 2000); *see also Landis*, 299 U.S. at 257 (a stay should be "designed so that its force will be spent within reasonable limits"). This requires considering "both the scope of the stay (including its potential duration) and the reasons cited by the . . . court for the stay." *Id.* at 1264. This remains true when the court issues a stay but where "circumstances have changed such that the court's reasons for imposing the stay no longer exist or are inappropriate," making it proper for the court to "lift the stay *sua sponte* or upon motion." *Marsh v. Johnson*, 263 F. Supp. 2d 49, 52 (D.D.C. 2003). By logical extension and practice, the court may also modify its stay upon motion rather than entirely lift it. *Cf. Sec. & Exch. Comm'n v. Hvizdzak Cap. Mgmt., LLC*, No. CV 1:20-154, 2021 WL 3549332, at *4 n.5 (W.D. Pa. Aug. 11, 2021) (referring to the parties' ability to "move to lift,

4

modify, or extend" a stay "based upon a change of circumstances or other good cause"); *Broussard v. First Tower Loan, LLC*, No. CV 15-1161, 2016 WL 879995, at *8 (E.D. La. Mar. 8, 2016) (modifying a discretionary stay); *Nigro v. Blumberg*, 373 F. Supp. 1206, 1214 (E.D. Pa. 1974) (referring to the plaintiff's "continuing right to petition for modification" of a stay).

The Defendants' agreement and the panel's allowance in *Milligan* to allow written discovery on racial gerrymandering claims while *Merrill* is pending presents the type of changed circumstances that support this Court changing "the scope of the stay." *Ortega Trujillo*, 221 F.3d at 1264. Both cases present VRA and racial gerrymandering claims and involve the same defendants sued in their official capacities. The *Merrill* decision will have equal or lesser effect on the racial gerrymandering claims in this case than in *Milligan* itself. Defendants can no longer fairly claim prejudice in proceeding with a limited scope of written discovery.

Other cases bear this out as well. Since the Court's stay order in *Merrill*, a series of consolidated redistricting cases in Georgia and Texas that also involve both Section 2 and racial gerrymandering challenges to congressional and state legislative maps have proceeded with full discovery. *See* Stip. & Order re: Discovery, *Ga. State Conf. of NAACP v. Georgia*, Case No. 21-cv-5338, ECF No. 87 (N.D. Ga. Sep. 16, 2022); Scheduling Order, *LULAC v. Abbott*, Case No. 3:21-cv-00259-DCG-JES-JVB, ECF No. 96 (W.D. Tex. Dec. 17, 2021); Order Modifying Scheduling Order,

5

*LULAC v. Abbott*, Case No. 3:21-cv-00259-DCG-JES-JVB, ECF No. 325 (W.D. Tex. June 9, 2022). Similarly, a case challenging several South Carolina congressional districts as racial gerrymanders proceeded to trial and judgment. *See S.C. State Conf. of NAACP v. Alexander*, No. 321CV03302MGLTJHRMG, 2023 WL 118775 (D.S.C. Jan. 6, 2023).

Plaintiffs demonstrated in their prior motion and at argument during the May 20, 2022 status conference that they face hardship from a stay in the case. *See Marti v. Iberostar Hoteles y Apartamentos S.L.*, 54 F.4th 641, 651 (11th Cir. 2022) ("When evaluating stays, courts must also consider 'the danger of denying justice by delay.'") (quoting *Gillespie v. U.S. Steel Corp.*, 379 U.S. 148, 153 (1964)). Because a racial gerrymandering claim focuses in part on the series of events that led to the adoption of challenged maps, the memory of witnesses growing more stale with time may harm the ability to discover relevant information about the construction of those maps. And with every passing month, it will become more difficult to seek relief in a timeframe that will be conducive to seeking special elections under amended maps, should Plaintiffs prevail in whole or in part.

Plaintiffs now seek *only* written discovery on facts which will not change regardless of the ruling in *Merrill* and only on claims the Supreme Court is not considering in *Merrill*. In other words, the limited discovery sought at this time, such as details involving factors that were considered in drawing the districts, discussions

6

that were had, and why lines were drawn the way they were, will have to be conducted regardless of the ruling in *Merrill*. And Plaintiffs are not seeking depositions, so there is no risk of duplicative discovery by allowing the limited written discovery sought to proceed at this time. That limited scope is even more cabined than what Defendants have already agreed to in *Milligan*, the very case pending before the Supreme Court. These changed circumstances demonstrate that Defendants will not face unfair prejudice in proceeding with limited written discovery following a modified stay order.

Moreover, allowing written discovery on the racial gerrymandering claims to proceed will promote a more efficient resolution of the case. By identifying the relevant players in the redistricting process and beginning to refine the issues, the parties will be able to proceed with depositions on a timelier basis after the *Merrill* ruling. This discovery will also help the parties propose the proper timeline and schedule to resolve the case by revealing the extent to which non-party discovery is necessary. The decision in *Merrill* will not alter any of these basic underlying facts. But having them in hand before the *Merrill* decision will allow the parties to proceed with more efficiency after it.

## CONCLUSION

Plaintiffs respectfully request that the Court modify its stay to allow the parties to exchange initial disclosures and begin written discovery only—including requests

for production and admission, interrogatories, and subpoenas for documents to non-parties—on the racial gerrymandering claims only, consistent with *Milligan*.

DATED this 16th day of February 2023.    Respectfully submitted,

*/s/ LaTisha Gotell Faulks*
LaTisha Gotell Faulks (ASB-1279-I63J)
AMERICAN CIVIL LIBERTIES UNION OF ALABAMA
P.O. Box 6179
Montgomery, AL 36106-0179
(334) 265-2754
tgfaulks@aclualabama.org

*/s/ Deuel Ross*
Deuel Ross*
NAACP LEGAL DEFENSE & EDUCATIONAL FUND, INC.
700 14th Street N.W. Ste. 600
Washington, DC 20005
(202) 682-1300
dross@naacpldf.org

Leah Aden*
Stuart Naifeh*
Kathryn Sadasivan (ASB-517-E48T)
Brittany Carter*
NAACP LEGAL DEFENSE & EDUCATIONAL FUND, INC.
40 Rector Street, 5th Floor
New York, NY 10006
 (212) 965-2200
laden@naacpldf.org  snaifeh@naacpldf.org
ksadasivan@naacpldf.org

David Dunn*
HOGAN LOVELLS LLP
390 Madison Avenue

*/s/ Davin M. Rosborough*
Davin M. Rosborough*
Julie A. Ebenstein*
Dayton Campbell-Harris*
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad St.
New York, NY 10004
 (212) 549-2500
drosborough@aclu.org
jebenstein@aclu.org
dcampbell-harris@aclu.org

*/s/ Sidney Jackson*
Sidney Jackson (ASB-1462-K40W)
Nicki Lawsen (ASB-2602-C00K)
WIGGINS, CHILDS, PANTAZIS, FISHER, & GOLDFARB
301 19th Street
North Birmingham, AL 35203
(205) 314-0500
sjackson@wigginschilds.com
nlawsen@wigginschilds.com

*/s/ Jack Genberg*
Jack Genberg*
SOUTHERN POVERTY LAW CENTER
PO Box 1287
Decatur, GA 30031
(404) 521-6700
jack.genberg@splcenter.org

8

New York, NY 10017
(212) 918-3000
david.dunn@hoganlovells.com
Blayne R. Thompson*
HOGAN LOVELLS US LLP
609 Main St., Suite 4200
Houston, TX 77002
(713) 632-1400
blayne.thompson@hoganlovells.com

*Attorneys for Plaintiffs*

Anthony Ashton*
Anna-Kathryn Barnes*
NATIONAL ASSOCIATION FOR THE
ADVANCEMENT OF COLORED PEOPLE
(NAACP)
4805 Mount Hope Drive
Baltimore, MD 21215
(410) 580-5777
aashton@naacpnet.org
abarnes@naacpnet.org

*Attorneys for Plaintiff Alabama State Conference of the NAACP*

Jessica L. Ellsworth*
Shelita M. Stewart*
HOGAN LOVELLS LLP
555 Thirteenth Street, NW
Washington, DC 20004
(202) 637-5600
jessica.ellsworth@hoganlovells.com
shelita.stewart@hoganlovells.com

Michael Turrill*
Harmony R. Gbe*
HOGAN LOVELLS US LLP
1999 Avenue of the Stars
 Suite 1400
Los Angeles, CA 90067
(310) 785-4600
michael.turrill@hoganlovells.com
harmony.gbe@hoganlovells.com

*Admitted *pro hac vice*

9

## CERTIFICATE OF SERVICE

I hereby certify that I have electronically filed a copy of the foregoing with the Clerk of Court using the CM/ECF system which provides electronic notice of filing to all counsel of record.

This the 16th day of February, 2023.

*/s/ Davin Rosborough*