# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| JAMES THOMAS, *et al.*,  )  | |
| )  | |
| *Plaintiffs*,  ) | |
| ) | |
| v.  ) | Case No. 2:21-cv-1531-AMM |
| ) | |
| WES ALLEN, in his official capacity  ) | **THREE-JUDGE COURT** |
| as Alabama Secretary of State, *et al.*,  ) | |
| ) | |
| *Defendants*.  ) | |

## JOINT STATUS REPORT

The Parties hereby submit the following Joint Status Report in response to: (1) the Court's March 21, 2022 Order staying the case and requiring that the Parties "file a Joint Status Report advising the court of the impact" of the Supreme Court's ruling in *Allen v. Milligan*, "so that the court may then proceed with a scheduling conference and a scheduling order," ECF No. 61; and (2) the Court's June 9, 2023 Order lifting the stay in the case and ordering the parties to "include in their Joint Status Report their proposal(s) for the next steps in this case," ECF No. 75.

**I.     The Parties' Positions on the Impact of *Allen v. Milligan***

### Plaintiffs' Position

The Supreme Court's decision wholly left intact Plaintiffs' claim under Section 2 of the Voting Rights Act ("VRA") and their racial gerrymandering claims

under the Fourteenth Amendment, while further undermining Alabama's argument that private plaintiffs lack a right of action under Section 2.

As to Section 2 of the VRA, the Court rejected "Alabama's attempt to remake [its] § 2 jurisprudence anew," *Allen v. Milligan*, No. 21-1086, 599 U.S. ___, 2023 WL 3872517, at *11 (2023), and reaffirmed the *Gingles* standard that "has governed [its] Voting Rights Act jurisprudence since it was decided 37 years ago," *id.* at *10. The Court reiterated "that § 2 turns on the presence of discriminatory effects, not discriminatory intent." *Id.* at *13 (cleaned up). "Individuals thus lack an equal opportunity to participate in the political process when a State's electoral structure operates in a manner that minimizes or cancels out their voting strength," which occurs "when minority voters face—unlike their majority peers—bloc voting along racial lines, arising against the backdrop of substantial racial discrimination within the State, that renders a minority vote unequal to a vote by a nonminority voter." *Id.* (cleaned up).

The decision also strongly counsels against Alabama's argument that private parties lack a right of action under Section 2 of the VRA. *Milligan* and the consolidated *Caster* case were brought solely by private plaintiffs. Section 3 of the VRA has, since 1975, provided for actions by "the Attorney General *or an aggrieved person* . . . under any statute to enforce the voting guarantees of the fourteenth or fifteenth amendment." 52 U.S.C. §§ 10302(a), (b), (c) (emphasis added). In

2

*Milligan*, the Supreme Court explicitly reaffirmed that Section 2 of the VRA "is an appropriate method of promoting the purposes of the Fifteenth Amendment," 2023 WL 3872517, at *21, further solidifying Section 3's application to Section 2.

Moreover, the Court's use of statutory *stare decisis* to defend the *Gingles* standard reaffirms the existence of a private right of action under Section 2. *See id.* at *20; *see also id.* *21 (Kavanaugh, J., concurring). In *Morse v. Republican Party of Virginia*, the Supreme Court explicitly recognized that "the existence of the private right of action under Section 2 . . . has been clearly intended by Congress since 1965" and that "the purpose" of Congress's 1975 amendment to the VRA "was to provide the same remedies to private parties as had formerly been available to the Attorney General alone." 517 U.S. 186, 232-33 (1996) (plurality opinion of Stevens, J., with Ginsburg, J.); *id.* at 240 (Breyer, J., concurring with O'Connor and Souter, JJ.) ("Congress intended to establish a private right of action to enforce § 10, no less than it did to enforce §§ 2 and 5."); *see also id.* at 289 (Thomas, J., dissenting) ("As appellants accurately state, § 3 *explicitly* recognizes that private individuals can sue under the [Act].") (emphasis added) (internal quotation marks omitted)). Yet Congress has not amended the VRA to contradict *Morse*.

In terms of Plaintiffs' racial gerrymandering claims, the *Milligan* decision solely addressed a claim under Section 2 of the Voting Rights Act and did not address the racial gerrymandering standard in its holding. Nonetheless, its comments

3

on the Fourteenth Amendment and racial gerrymandering did not upset and indicate no intent to alter the current standard. The Court reiterated that "race may not be the predominant factor in drawing district lines unless [there is] a compelling reason," which "may occur where race for its own sake is the overriding reason for choosing one map over others." 2023 WL 3872517, at *15. This explanation mirrors its decision from last year in *Wisconsin Legislature v. Wisconsin Elections Commission*, explaining that "if race is the predominant factor motivating the placement of voters in or out of a particular district, the State bears the burden of showing that the design of that district withstands strict scrutiny." 142 S. Ct. 1245, 1248 (2022).

**Defendants' Position:**

The Supreme Court's ruling in *Allen v. Milligan*, No. 21–1086, and *Allen v. Caster*, No. 21–1087, does not alter how the Section 2 claim in this case should proceed. *Allen* purported to do no more than apply existing precedent regarding Section 2 of the Voting Rights Act to a preliminary injunction record. *See, e.g.*, Nos. 21-1086 & 21-1087, 2023 WL 3872517, at *21 (describing the "opinion" as "a faithful application of our precedents and a fair reading of the record"). The Court stated that its "opinion … does not diminish or disregard" "[t]he concern that § 2 may impermissibly elevate race in the allocation of political power within the States…." *Id.* And Justice Thomas's dissent noted that the Court did "not address whether § 2 contains a private right of action," *id.* at *43 n.22, an issue Defendants

4

have presented in their motion to dismiss to this Court. *See* Doc. 58. Thus, Defendants' motion to dismiss is now ripe for resolution.

The *Allen* plurality also opined on "the line between racial predominance and racial consciousness" as something that "can be difficult to discern." *Id.* at *15. Under the plurality's approach, it appears that even plans that "prioritized race over neutral districting criteria" are not race-predominate so long as they "satisf[y] other traditional criteria, such as compactness, contiguity, equal populations, and respect for political subdivisions." *Id.* at *16 n.5. In any event, Defendants intend to file a motion for judgment on the pleadings regarding Plaintiffs' equal protection claims within 14 days of this filing.

## II.   Joint Proposal for Next Steps

The Parties propose that they submit a Joint Proposed Scheduling order noting all agreements and differences on or before Friday, June 30, 2023. This will allow the parties sufficient time to consider the scope of their claims and defenses, exchange proposed scheduling orders, and examine whether they can come to a consensus on some or all aspects of a proposed scheduling order in the case.

DATED this 22nd day of June 2023.

*/s/ LaTisha Gotell Faulks*
LaTisha Gotell Faulks (ASB-1279-I63J)
AMERICAN CIVIL LIBERTIES UNION OF ALABAMA
P.O. Box 6179
Montgomery, AL 36106-0179
(334) 265-2754
tgfaulks@aclualabama.org

*/s/ Deuel Ross*
Deuel Ross*
NAACP LEGAL DEFENSE & EDUCATIONAL FUND, INC.
700 14th Street N.W. Ste. 600
Washington, DC 20005
(202) 682-1300
dross@naacpldf.org

Leah Aden*
Stuart Naifeh*
Kathryn Sadasivan (ASB-517-E48T)
Brittany Carter*
NAACP LEGAL DEFENSE & EDUCATIONAL FUND, INC.
40 Rector Street, 5th Floor
New York, NY 10006
 (212) 965-2200
laden@naacpldf.org snaifeh@naacpldf.org
ksadasivan@naacpldf.org

David Dunn*
HOGAN LOVELLS LLP
390 Madison Avenue
New York, NY 10017
(212) 918-3000
david.dunn@hoganlovells.com
Blayne R. Thompson*

Respectfully submitted,

*/s/ Davin M. Rosborough*
Davin M. Rosborough*
Julie A. Ebenstein*
Dayton Campbell-Harris*
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad St.
New York, NY 10004
 (212) 549-2500
drosborough@aclu.org
jebenstein@aclu.org
dcampbell-harris@aclu.org

*/s/ Sidney Jackson*
Sidney Jackson (ASB-1462-K40W)
Nicki Lawsen (ASB-2602-C00K)
WIGGINS, CHILDS, PANTAZIS, FISHER, & GOLDFARB
301 19th Street
North Birmingham, AL 35203
(205) 314-0500
sjackson@wigginschilds.com
nlawsen@wigginschilds.com

*/s/ Jack Genberg*
Jack Genberg*
SOUTHERN POVERTY LAW CENTER
PO Box 1287
Decatur, GA 30031
(404) 521-6700
jack.genberg@splcenter.org

Jessica L. Ellsworth*
Shelita M. Stewart*
HOGAN LOVELLS LLP
555 Thirteenth Street, NW
Washington, DC 20004

6

HOGAN LOVELLS US LLP  
609 Main St., Suite 4200  
Houston, TX 77002  
(713) 632-1400  
blayne.thompson@hoganlovells.com

(202) 637-5600  
jessica.ellsworth@hoganlovells.com  
shelita.stewart@hoganlovells.com

Michael Turrill*  
Harmony R. Gbe*  
HOGAN LOVELLS US LLP  
1999 Avenue of the Stars  
 Suite 1400  
Los Angeles, CA 90067  
(310) 785-4600  
michael.turrill@hoganlovells.com  
harmony.gbe@hoganlovells.com

*Attorneys for Plaintiffs*

Anthony Ashton*  
Anna-Kathryn Barnes*  
NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE (NAACP)  
4805 Mount Hope Drive  
Baltimore, MD 21215  
(410) 580-5777  
aashton@naacpnet.org  
abarnes@naacpnet.org

*Attorneys for Plaintiff Alabama State Conference of the NAACP*


*Admitted *pro hac vice*

7

Dorman Walker (ASB-9154-R81J)
BALCH & BINGHAM LLP
Post Office Box 78 (36101)
105 Tallapoosa Street, Suite 200
Montgomery, AL 36104
Telephone: (334) 269-3138
Email: dwalker@balch.com

**Counsel for Sen. Livingston and Rep. Pringle**

Steve Marshall
   *Attorney General*

Edmund G. LaCour Jr. (ASB-9182-U81L)
   *Solicitor General*

James W. Davis (ASB-4063-I58J)
   *Deputy Attorney General*

A. Barrett Bowdre (ASB-2087-K29V)
   *Deputy Solicitor General*

Misty S. Fairbanks Messick (ASB-1813-T71F)
Brenton M. Smith (ASB-1656-X27Q)
A. Reid Harris (ASB-1624-D29X)
Benjamin M. Seiss (ASB-2110-O00W)
   *Assistant Attorneys General*

OFFICE OF THE ATTORNEY GENERAL
STATE OF ALABAMA
501 Washington Avenue
P.O. Box 300152
Montgomery, Alabama 36130-0152
Telephone: (334) 242-7300
Fax: (334) 353-8400
Edmund.LaCour@AlabamaAG.gov
Jim.Davis@AlabamaAG.gov
Barrett.Bowdre@AlabamaAG.gov
Misty.Messick@AlabamaAG.gov
Brenton.Smith@AlabamaAG.gov
Reid.Harris@AlabamaAG.gov
Ben.Seiss@AlabamaAG.gov

**Counsel for Secretary Allen**