FILED

2023 Jun-30  PM 05:43
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

|  |  |
|---|---|
| KHADIDAH STONE, et al.,<br><br>*Plaintiffs*,<br><br>vs.<br><br>WES ALLEN, et al.,<br><br>*Defendants*. | Case No.: 2:21-cv-1531-AMM |

### REPORT OF THE PARTIES' PLANNING MEETING

The parties have discussed this case in good faith but are unable to agree on a schedule. Plaintiffs contend that the schedule should aim for a trial in January 2024, whereas Defendants contend that the schedule should aim for a trial in or around September 2024. In the report below, the parties set out where they agree and disagree and explain why they believe the schedule they each propose is appropriate.

1. **Synopsis of the case**:

    (a)  <u>Plaintiffs</u>: After Plaintiffs' amendment today to drop their challenges to a number of districts, this action challenges six Alabama State Senate Districts (Districts 7, 18, 19, 20, 25, and 26) and thirteen State House of Representatives Districts (Districts 52, 54, 55, 57, 58, 59, 60, 61, 62, 63, 70, 71, and 72) as racial gerrymanders under the Fourteenth Amendment to the Constitution. Plaintiffs intend to prove that the lines of each district reflect race as the predominant factor in their construction, and that the use of race was not narrowly tailored to comply with the Voting Rights Act or any other compelling governmental interest. Rather, Defendants have adopted lines for many of these districts that artificially separate Black and white voters into different districts in ways not reflective of communities of interest or other traditional districting principles. Instead, these lines limit the opportunities of Black voters by placing them in districts in much higher proportions than necessary to elect candidates of choice

while creating adjacent districts with large majorities of white voters where Black voters have little or no influence. In a few other areas, the districts improperly fragment Black voters across districts in manner that artificially dilutes their influence in any one district.

Additionally, Plaintiffs challenge under Section 2 of the Voting Rights Act the failure of Defendants to create an additional Senate district in the Montgomery area so that Black voters can participate equally in the political process and elect a candidate of choice.

(b)    <u>Defendants</u>: Defendants contend that the challenged House and Senate districts are constitutional and that the House and Senate plans comply with Section 2 of the Voting Rights Act. For each challenged district, either race did not predominate in the drawing of the district or strict scrutiny was satisfied.

Plaintiffs' Section 2 claim fails because they have no private right of action under that statute and because the challenged Senate districting plan does not result in a denial or abridgement of the right of any black Alabamian to vote on account of race or color.

2.    **<u>The following persons participated in a Federal Rule of Civil Procedure 26(f) conference on June 20, 2023, by telephone, and June 27, 2023, by video conference</u>**:

- Davin Rosborough, Tish Gotell Faulks, Jack Genberg, Shelita Stewart, David Dunn, Julie Ebenstein, Dayton Campbell-Harris, Brittany Carter, and Deuel Ross, representing the Plaintiffs.

- Jim Davis and Brenton Smith, representing Defendant Secretary Allen. Dorman Walker, counsel for Defendants Rep. Pringle and Sen. Livingston, was not able to participate because of obligations in the *Milligan* and *Caster* cases, but was consulted on all matters related to this report.

3.    **<u>Initial Disclosures</u>**.  The parties will complete by <u>July 14, 2023</u>, the initial disclosures required by Rule 26(a)(1).

4.    **<u>Discovery Plan</u>**. The parties propose this discovery plan:

(a)    **Discovery will be needed on these subjects**:

Plaintiffs' position:

- The factors considered in drawing the challenged districts as well as in the previous redistricting cycles (to the extent Defendants maintain these districts seek to preserve existing district cores), and the relative weight of those factors;

- The process for drawing the challenged districts in this cycle and the previous three redistricting cycles;

- Input from legislators and other interested parties considered in creating the challenged districts and their predecessor districts;

- How Defendants and those involved in drawing and evaluating the maps considered compliance with the Voting Rights Act;

- Demographic and geographical data concerning the current and previous districts in the Alabama State House and Senate;

- Factors bearing on whether Black voters in Alabama have an equal opportunity to participate in the political process and elect candidates of choice under the current districts; and

- The opinions of Defendants' expert witnesses.

Defendants' position:

- The evidentiary basis for Plaintiffs' claims;

- The factors considered in the drafting and adoption of the House and Senate plans;

- Plaintiffs' proposed remedies;

- Plaintiffs' standing;

- The opinions of Plaintiffs' expert witnesses;

- Testimony concerning the map-drawing process and the application of traditional districting principles to those districts;

- Testimony from Plaintiffs.

(b) **Proposed Discovery Schedules**:

Plaintiffs' position[1]:
- Plaintiffs intend to preserve the option to seek special elections in any redrawn districts should Plaintiffs prevail in whole or part, which can be accomplished most efficiently by aligning the general special election with the November 2024 general election. Plaintiffs' schedule provides more-than sufficient time to put in place new districts and allow parties to select their candidates by whatever method they choose in advance of the November 2024 election.
- Commencement of discovery: July 14, 2023
- Discovery Deadline: November 22, 2023

Defendants' position:
- Defendants contend that because Plaintiffs are unlikely to meet the standards for the extraordinary remedy of a special election, should they prevail, and because it is too late hold such an election in conjunction with the 2024 election, there is need for a rushed schedule.
- Because of the parties' disagreements about how this case should proceed, Defendants request a scheduling conference before entry of a scheduling order.
- Commencement of discovery: July 14, 2023.
- Discovery Deadline: Defendants contend that the schedule should aim for a trial in or around September 2024, and that discovery should close on May 1, 2024, to permit time for dispositive motions.

(c) **Interrogatories**: Plaintiffs contend that Plaintiffs and Defendants shall each be allowed 25 interrogatories to each party, with answers and objections due 30 days after service. Defendants contend that Plaintiffs and Defendants shall each be allowed 50 interrogatories to each party, with answers and objections due 30 days after service.

(d) **Requests for Admission**: Plaintiffs and Defendants shall each be allowed 25 RFAs to each party, with answers and objections due 30

---

[1] Plaintiffs' position on all deadlines depends on a trial beginning in late January 2024, so any adjustment to that date would result in Plaintiffs proposing modified deadlines.

days after service.

(e)  **Depositions**: Plaintiffs propose that Plaintiffs and Defendants shall each be allowed 15 depositions, excluding experts and parties. Defendants propose that Plaintiffs and Defendants shall each be allowed 25 depositions, excluding parties and experts. Both parties contend that no deposition shall run for more than seven hours absent leave from the Court.

(f)  **Dates for exchanging reports of expert witnesses**:

Plaintiffs' proposal:
- Initial reports of all parties: October 10, 2023

- Rebuttal reports of all parties: November 17, 2023

Defendants' proposal:
- Plaintiffs' initial reports: January 5, 2024

- Defendants' reports: March 1, 2024

- Plaintiffs' rebuttal reports: March 29, 2024

(g)  **Dates for supplementations under Rule 26(e)**:

Plaintiffs' proposal: November 20, 2023

Defendants' proposal: April 1, 2024

5.  **Other Items**:

(a)  **Plaintiffs shall amend pleadings or join parties by** December 1, 2023.

(b)  **Final dates to file dispositive motions**:
- Plaintiffs' proposal: Plaintiffs do not believe the fact-intensive nature of this case is conducive to resolution on summary judgment or similar dispositive motion. To the extent Defendants and/or the Court disagree, Plaintiffs' propose a deadline of December 11, 2023.

- Defendants' proposal: Defendants contend that summary judgment can be appropriate in intentional discrimination and

Section 2 claims and that the deadline for dispositive motions should be May 31, 2024.

(c) **Prospects for settlement**: Both parties believe settlement is unlikely due to the nature of the claims and the need for the legislature to approve any changes to redistricting plans.

(d) **Suggested trial date and estimate of trial length**:

Plaintiffs' proposal: Because Plaintiffs will seek special elections should they prevail in whole or part, and seek to align general special elections with the November 2024 elections, Plaintiffs believe trial should commence on or before January 22, 2024. This timeline provides ample time for discovery even though Plaintiffs will have more discovery to conduct given that this action targets Defendants' and their agents' processes and considerations in adopting the challenged district lines in their current and previous incarnations, as well as their effects on Black voters. Plaintiffs estimate 10 days for trial.

Last week, another three-judge panel entertaining challenges under both the Fourteenth Amendment and the Voting Rights Act to a number of Mississippi state legislative districts agreed with the plaintiffs there to expedite trial and set it for trial to begin on February 26, 2024. *See* Order, *Miss. State Conf. of NAACP v. State Bd. of Election Comm'rs*, Case No. 3:22-cv-00734-DPJ-HSO-LHS, ECF No. 44 (S.D. Miss. June 23, 2023) (Southwick, J., Jordan, C.J., Ozerden, J.). They did so over the opposition of Defendants, who requested a trial in December 2024 and maintained that that "70 state legislative districts could be impacted by Plaintiffs' requested relief," for the reasons urged by Plaintiffs here. Namely, the court recognized should plaintiffs prevail, "[d]isruption here might be lessened by holding special elections concurrent with the November 2024 general election." *Id.* at 2-3; *see also Navajo Nation v. San Juan Cnty.*, 2017 WL 6547635 at *18 (D. Utah Dec. 21, 2017) (finding no significant disruption where special elections would proceed alongside regularly scheduled elections). By contrast, the Mississippi panel recognized that under the defendants' proposal, any special elections would need to be held asynchronously or else wait until 2027. *Id.* So too here, with the next elections scheduled in 2026.

Contrary to Defendants' implications, "[f]ederal courts have ordered special elections to remedy violations of voting rights on many different occasions." *Clark v. Roemer*, 777 F. Supp. 471, 484 (M.D. La. 1991). Here, despite filing this case within weeks of the enactment of new districts in 2021, should they prevail at trial next year, Plaintiffs will not have any opportunity to obtain any relief until late 2026 unless the Court allows asynchronous special elections for approximately one-year terms in 2025. *Contra Dillard v. Baldwin Cnty. Comm'n*, 289 F. Supp. 2d 1315, 1318 (M.D. Ala. 2003) ("Baldwin County is currently almost halfway through its election schedule, and therefore the delay at issue will be a matter of months, not years.").

This case is also unlike *Covington v. North Carolina*, 270 F. Supp. 3d 881 (M.D.N.C. 2017), in terms of timing. There, the court recognized that ordering special elections would create an unrealistic schedule with five elections in twelve months and problematic overlaps between special and general elections in the same year that would cause voter confusion, while proceeding without special elections would still mean elections the next year. *Id.* at 899–901. It nonetheless recognized, that "in cases involving unconstitutional burdens on the right to vote, including racial gerrymandering, numerous courts— including the Supreme Court—have concluded that shortening the terms of elected officials and ordering a special election does not unduly intrude on state sovereignty, particularly when the constitutional violation is widespread or serious." *Covington v. North Carolina*, 270 F. Supp. 3d 881, 896 (M.D.N.C. 2017) (citing fourteen different cases); *see also Smith v. Beasley*, 946 F. Supp. 1174, 1212 (D.S.C. 1996) ("citizens are entitled to have their rights vindicated as soon as possible so that they can vote for their representatives under a constitutional apportionment plan."). Indeed, there is precedent in Alabama for ordering special elections for state legislative seats because Alabama's citizens should not be "forced to endure three additional years of representation" by an unconstitutionally drawn legislature. *Burton v. Hobbie*, 561 F. Supp. 1029, 1035-36 (M.D. Ala. 1983).

Moreover, Plaintiffs' proposed schedule is designed to minimize disruptions to the election schedule. Although Defendants note the 2024 primary elections scheduled for March 5, 2024, elections for state legislative districts are not currently scheduled for those dates

and, thus, special elections will not affect the primary elections to be held on those dates. The political parties in Alabama decide how to select their candidates, and so they can set special primary election dates, or, recognizing that "[p]rimary elections are not compulsory," select another method. Ala. Code § 17-13-42.

<u>Defendants' proposal</u>: Defendants propose a trial date in or around September 2024. Plaintiffs are not likely to show they are entitled to the extraordinary relief of a special election (if they prevail), and the mere fact that they intend to ask for such relief is not a reason to impose a rushed schedule that would prejudice the Defendants. Special elections are an extraordinary remedy that requires consideration of, among other things, "the severity and nature of the particular constitutional violation, the extent of the likely disruption to the ordinary processes of governance if early elections are imposed, and the need to act with proper judicial restraint when intruding on state sovereignty." *North Carolina v. Covington*, 581 U.S. 486, 488 (2017); *see also Covington v. North Carolina*, 270 F. Supp. 3d 881, 901-02 (M.D.N.C. 2017) (denying, on remand from previously cited case, request for special elections despite "widespread, serious, and longstanding nature of the constitutional violation at issue"). It is also worth noting that the cores of the state legislative districts are based on remedial plans passed in response to *Alabama Legislative Black Caucus v. Alabama*, all objections to which were rejected by that three-judge court in 2017. *See* Case Nos. 2:12-cv-691, 2:12-cv-1081, 2017 WL 4563868 (M.D. Ala. Oct. 12, 2017). Here, Plaintiffs are not likely to show an entitlement to special elections no matter when this case proceeds.

Moreover, a trial on Plaintiffs' schedule in January or February 2024 will come far too late to permit the special election to proceed on the same track as the regular 2024 election calendar even if they were to prevail. The 2024 primary elections are scheduled for March 5, 2024, and ballots must be printed and distributed before absentee voting begins on January 10, 2024. Additionally, based on evidence adduced in the congressional redistricting cases, it will likely take several months for local officials to reassign voters to new districts (which may be compounded by the number of districts involved and the need for local officials to attend to both that process and their duties connected to the regularly scheduled elections). Lastly, Plaintiffs

incorrectly assert that political parties can unilaterally set or hold special primary elections. *See* ALA. CODE § 17-3-3(a), (d). Plaintiffs' proposed schedule necessarily requires either (1) the State to suffer the cost, burdens, and voter confusion caused by holding five possibly overlapping elections—i.e., the regular primary, regular primary runoff, special primary, special primary runoff, and general elections—between March and November of 2024 (*accord Covington*, 270 F. Supp. 3d at 899–901), *or* (2) that political parties (who are not parties to this case) will select the nominees by some other method, denying Alabama citizens their opportunity to vote to select their party's nominee altogether. In sum, Plaintiffs' proposed schedule does not significantly reduce the costs or burdens that would be imposed by special elections.

DATED this 30th day of June, 2023.

/s/ LaTisha Gotell Faulks
LaTisha Gotell Faulks (ASB-1279-I63J)
AMERICAN CIVIL LIBERTIES UNION OF
ALABAMA
P.O. Box 6179
Montgomery, AL 36106-0179
(334) 265-2754
tgfaulks@aclualabama.org

/s/ Deuel Ross
Deuel Ross*
NAACP LEGAL DEFENSE & EDUCATIONAL
FUND, INC.
700 14th Street N.W. Ste. 600
Washington, DC 20005
(202) 682-1300
dross@naacpldf.org

Leah Aden*
Stuart Naifeh*
Kathryn Sadasivan (ASB-517-E48T)
Brittany Carter*
NAACP LEGAL DEFENSE & EDUCATIONAL
FUND, INC.
40 Rector Street, 5th Floor
New York, NY 10006
 (212) 965-2200
laden@naacpldf.org
snaifeh@naacpldf.org
ksadasivan@naacpldf.org
bcarter@naacpldf.org

David Dunn*
HOGAN LOVELLS LLP
390 Madison Avenue
New York, NY 10017
(212) 918-3000
david.dunn@hoganlovells.com

Respectfully submitted,

/s/ Davin M. Rosborough
Davin M. Rosborough*
Julie A. Ebenstein*
Dayton Campbell-Harris
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad St.
New York, NY 10004
 (212) 549-2500
drosborough@aclu.org
jebenstein@aclu.org
dcampbell-harris@aclu.org

/s/ Sidney Jackson
Sidney Jackson (ASB-1462-K40W)
Nicki Lawsen (ASB-2602-C00K)
WIGGINS, CHILDS, PANTAZIS, FISHER,
& GOLDFARB
301 19th Street
North Birmingham, AL 35203
(205) 314-0500
sjackson@wigginschilds.com
nlawsen@wigginschilds.com

/s/ Jack Genberg
Jack Genberg*
SOUTHERN POVERTY LAW CENTER
PO Box 1287
Decatur, GA 30031
(404) 521-6700
jack.genberg@splcenter.org

Jessica L. Ellsworth*
Shelita M. Stewart*
HOGAN LOVELLS LLP
555 Thirteenth Street, NW
Washington, DC 20004
(202) 637-5600

Blayne R. Thompson*
HOGAN LOVELLS US LLP
609 Main St., Suite 4200
Houston, TX 77002
(713) 632-1400
blayne.thompson@hoganlovells.com

jessica.ellsworth@hoganlovells.com
shelita.stewart@hoganlovells.com

Michael Turrill*
Harmony R. Gbe*
HOGAN LOVELLS US LLP
1999 Avenue of the Stars
 Suite 1400
Los Angeles, CA 90067
(310) 785-4600
michael.turrill@hoganlovells.com
harmony.gbe@hoganlovells.com

**Attorneys for Plaintiffs**

Anthony Ashton*
Anna-Kathryn Barnes*
NATIONAL ASSOCIATION FOR THE
ADVANCEMENT OF COLORED PEOPLE
(NAACP)
4805 Mount Hope Drive
Baltimore, MD 21215
(410) 580-5777
aashton@naacpnet.org
abarnes@naacpnet.org

**Attorneys for Plaintiff Alabama State
Conference of the NAACP**

*Admitted *pro hac vice*

s/ *James W. Davis*

Steve Marshall
  *Attorney General*

Edmund G. LaCour Jr. (ASB-9182-U81L)
  *Solicitor General*

James W. Davis (ASB-4063-I58J)
  *Deputy Attorney General*

A. Barrett Bowdre (ASB-2087-K29V)
Thomas A. Wilson (ASB-1494-D25C)
  *Deputy Solicitors General*

Misty S. Fairbanks Messick (ASB-1813-T71F)
A. Reid Harris (ASB-1624-D29X)
Brenton M. Smith (ASB-1656-X27Q)
Benjamin M. Seiss (ASB-2110-O00W)
  *Assistant Attorneys General*

OFFICE OF THE ATTORNEY GENERAL
STATE OF ALABAMA
501 Washington Avenue
P.O. Box 300152
Montgomery, Alabama  36130-0152
Telephone: (334) 242-7300
Fax: (334) 353-8400
Edmund.LaCour@AlabamaAG.gov
Barrett.Bowdre@AlabamaAG.gov
Thomas.Wilson@AlabamaAG.gov
Jim.Davis@AlabamaAG.gov
Misty.Messick@AlabamaAG.gov
Reid.Harris@AlabamaAG.gov
Brenton.Smith@AlabamaAG.gov
Ben.Seiss@AlabamaAG.gov

**Counsel for Secretary of State Merrill**

s/ *Dorman Walker*
Dorman Walker (ASB-9154-R81J)
BALCH & BINGHAM LLP
Post Office Box 78 (36101)

105 Tallapoosa Street, Suite 200
Montgomery, AL 36104
Telephone: (334) 269-3138
Email: dwalker@balch.com

***Counsel for Sen. Livingston and Rep.
Pringle***