FILED
2023 Jul-11 PM 02:27
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **LAQUISHA CHANDLER,** *et al.*, ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | **Case No.: 2:21-cv-1531-AMM** |
| ) | |
| **WES ALLEN,** *in his official* ) | |
| *capacity as Alabama Secretary of* ) | **THREE-JUDGE COURT** |
| *State*, *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

Before NEWSOM, Circuit Judge, MANASCO and MAZE, District Judges.

BY THE COURT:

## SCHEDULING ORDER

This case comes before the court following a scheduling conference held on July 10, 2023, as requested by the parties in their Rule 26(f) planning report. Doc. 80; Doc. 81. Plaintiffs propose a schedule that would accommodate a special election aligned with the November 2024 general election, including a January 2024 date for a trial on the merits of their claims. Doc. 80. at 1, 4. Defendants urge the court to proceed on a more deliberate schedule that would allow a longer discovery period and time for dispositive motions, and they propose a September 2024 trial date. *Id.*

This case was filed on November 16, 2021. Doc. 1. Plaintiffs did not seek preliminary injunctive relief. *See* Doc. 34. On March 21, 2022, this case was stayed

pending a ruling by the Supreme Court of the United States in *Milligan v. Allen*, No. 21–1086, and *Caster v. Allen*, No. 21–1087. Doc. 61. On June 8, 2023, the Supreme Court affirmed the preliminary injunction issued in *Milligan* and *Caster*. *See Allen v. Milligan*, No. 21–1086, 2023 WL 3872517 (U.S. June 8, 2023); *Allen v. Caster*, No. 21–1087, 2023 WL 3937600 (U.S. June 12, 2023). This court then lifted the stay of this case on June 9, 2023. Doc. 75.

Although Plaintiffs announced in their Rule 26(f) report an intention to seek special elections, and Plaintiffs preliminarily explained the basis for such relief at the scheduling conference, Plaintiffs have neither moved for special election relief nor sought a preliminary injunction. These circumstances, together with Plaintiffs' earlier decision not to request preliminary injunctive relief, counsel against now accelerating the trial on the merits of Plaintiffs' claims.

Acceleration is particularly unwarranted in light of the nature of special election relief. The special election remedy is extraordinary even among even other forms of extraordinary relief. Controlling precedent describes the remedy as "[d]rastic if not staggering," *Bell v. Southwell*, 376 F.2d 659, 662 (5th Cir. 1967), and persuasive precedent advises that a special election is "an extraordinary remedy which the courts should grant only under the most extraordinary of circumstances," *Bowes v. Ind. Sec'y of State*, 837 F.3d 813, 817 (7th Cir. 2016) (cleaned up).

Plaintiffs have not explained how this redistricting case is unusual, let alone extraordinary.

At the scheduling conference, plaintiffs downplayed the extraordinary nature of special elections by pointing to special elections that occasionally have been held to fill empty seats in the Legislature. But those elections are fundamentally unlike the one that Plaintiffs have suggested they might ask the court to order because those elections did not involve redistricting. Plaintiffs' proposed schedule overlooks both the extraordinary nature of a court-ordered special election and the administrative challenges attendant to a special election in which district lines change.

Finally, the court finds that accelerating a trial on the merits of Plaintiffs' claims would unfairly prejudice the Defendants. Expediting the case would limit discovery to approximately four months and would likely eliminate any meaningful opportunity for the court to consider dispositive motions. At the scheduling conference, Defendants correctly pointed out that because of the number of districts at issue, substantial fact and expert discovery will be necessary to develop an evidentiary record. An expedited, abbreviated discovery period will limit Defendants' opportunity to conduct appropriate discovery. The court is not inclined to decide serious constitutional and statutory claims of discrimination with respect to the franchise based on such a limited record.

Considering the totality of the circumstances, the court will not now exercise its discretion to expedite this case for the sake of a possible extraordinary remedy at the expense of developing an appropriate evidentiary record. Accordingly, the court enters the following scheduling order under Federal Rule of Civil Procedure 16(b). This order governs further proceedings in this action unless modified for good cause shown.

**Extensions for the deadlines set to complete all discovery and file dispositive motions will not be granted absent extraordinary cause. In the event extraordinary cause is shown, only one extension will be granted.**

I. **PLEADINGS AND PARTIES:** Unless a party's pleading may be amended as a matter of course pursuant to Federal Rule of Civil Procedure 15(a), the party must file a motion for leave to amend. Such motion for leave to amend shall state with specificity those matters the party wishes to add or delete and shall contain, attached as an exhibit, the complete and executed amended pleading, suitable for filing. The motion for leave to amend, with the attached amended pleading, must be served in accordance with Federal Rule of Civil Procedure 5.

No causes of action, defenses, or parties may be added after **December 1, 2023.**

II. **DISCOVERY LIMITATIONS AND DEADLINES**

| | |
|---|---|
| **A. Depositions:** | Maximum of 25 by each party (excluding experts and parties). Each deposition is limited to a maximum of seven hours. |
| **Interrogatories:** | Maximum of 50 by any party directed to any other party. |
| **Requests for Production:** | Maximum of 30 by any party directed to any other party. |

      **Requests for Admission:**    Maximum of 25 by any party directed to any other party.

B. **Expert Testimony:** Unless modified by stipulation of the parties, the disclosures of expert witnesses—including a complete report under Federal Rule of Civil Procedure 26(a)(2)(B) from any specially retained or employed expert—are due:

    From plaintiff(s):    Initial Reports by **January 5, 2024**
                            Rebuttal Reports by **March 29, 2024**

    From defendant(s):    **March 1, 2024**

C. **Supplementation:** Supplementation of disclosures and discovery under Federal Rule of Civil Procedure 26(e) is due within a reasonable period of time after discovery of such information (which ordinarily will be within twenty-one days of counsel becoming aware of the need to supplement), but in any event all such supplementation shall be provided **no later than thirty days before** the close of discovery.

D. **Discovery Deadline:** All discovery must be commenced in time to be completed by **April 5, 2024**.

E. **Clawback Agreement:** The court adopts and incorporates by reference the parties' clawback agreement contained in their report as if fully set out here, pursuant to Federal Rule of Evidence 502.

F. **Motions About Discovery Disputes:** Counsel for the moving party **must** confer in person or by telephone with opposing counsel to attempt to resolve their disagreements regarding discovery requests. If the parties are unable to resolve their dispute in that manner, then the party filing the motion for leave of the court shall describe all efforts taken to resolve the disputed matter and shall certify in the motion that the parties conferred pursuant to this order and were unable to reach an agreement. If an attorney makes a good faith effort but is unable to contact opposing counsel, then the attorney shall describe in the motion the attorney's efforts to contact and coordinate with opposing counsel. **Failure to include a statement of the parties' attempt to resolve the matter without the court's intervention may result in an automatic denial of the motion.**

**III.** **DISPOSITIVE MOTIONS:** All potentially dispositive motions and evidentiary submissions upon which a party will rely in support of the motion must be filed no later than **May 17, 2024**.

The parties must file and brief all dispositive motions consistent with the initial order. Any motion for summary judgment must comply with all the requirements of Appendix II which is attached to the court's initial order. Should a motion for summary judgment be filed, any opposition to the motion must be filed no later than **June 14, 2024**. Any reply brief in support of the motion must be filed no later than **June 28, 2024**. Any other dispositive motion must comply with the requirements of Appendix II to the extent practicable.

Compliance with this requirement will necessitate filing the evidentiary submission in support of the brief separately from the brief and may necessitate filing the evidentiary submission one or more days prior to filing the brief. Both the brief and evidentiary submission must be filed on or before the filing deadline.

**IV.** **EXTENSIONS:** Absent extraordinary unforeseen circumstances, any motion for an extension of any deadline must be filed three or more days before the deadline sought to be extended. Motions for an extension of time that do not satisfy this requirement will ordinarily be automatically denied. Successive requests for extensions by the same party are disfavored.

Any motion to extend the deadline to complete all discovery must state when the moving party first propounded discovery requests and/or noticed depositions and must include any other information that will help the court determine how effectively the parties have used the amount of time originally allowed for discovery.

**V.** **JOINT STATUS REPORT:** The parties shall file a joint status report on or before **March 22, 2024**. A Status Conference is set for **March 29, 2024,** by Zoom.  The court will provide the zoom information to the parties, one week prior to the conference.

6

The status report should state whether the parties object to mediation and include enough information to allow the court to understand the nature of the case, its current status, including any pending motions, and any current or anticipated problems in preparing the case for trial. Specifically, the court should be advised of the pertinent issues and the parties' positions as to those issues. The status report should not be used to argue the party's case, nor to present all possible legal theories; instead, the report should apprise the court of the case and current issues affecting trial preparation, including the status of critical discovery.

VI. **PRETRIAL CONFERENCE:** A pretrial conference will be scheduled as needed by separate order. Due dates for lists of trial witnesses, exhibits, and objections under Federal Rule of Civil Procedure 26(a)(3) shall be established as needed in a separate pretrial order.

VII. **TRIAL:** The parties shall be ready for trial by **October 1, 2024**. Trial will be scheduled by separate order.

**DONE** and **ORDERED** this 11th day of July, 2023.

_____
**ANNA M. MANASCO**
UNITED STATES DISTRICT JUDGE
for the court