# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **LAQUISHA CHANDLER, et al,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | ) Case No.: 2:21cv1531 AMM |
| | ) |
| **WES ALLEN, et al,** | ) THREE JUDGE COURT |
| | ) |
| **Defendants.** | ) |

**Before NEWSOM, Circuit Judge, MANASCO and MAZE, District Judges.**

**BY THE COURT:**

## INITIAL ORDER
## GOVERNING ALL FURTHER PROCEEDINGS

This order governs all further proceedings in this court. The court assumes that all attorneys and *pro se* parties have read this order and the Local Rules of the Northern District of Alabama and will comply with them. The Local Rules are available at www.alnd.uscourts.gov.

### I.   DUTIES UNDER FEDERAL RULE OF CIVIL PROCEDURE 26(f)

#### A. Commencement of Discovery

The parties are authorized to commence discovery pursuant to the terms of Federal Rule of Civil Procedure 26 immediately. The court instructs the parties to review Local Rule 5.3 regarding the non-filing of discovery materials in civil cases.

## II.      Submissions Procedures

### A. CM/ECF Record

The official record of this case is maintained electronically pursuant to CM/ECF. Documents must be filed through CM/ECF in Portable Document Format ("PDF"), unless submitted by a party appearing *pro se*, in which instance documents should be filed with the Clerk of Court. Except in extraordinary circumstances, all filings must be consistent with the Civil Administrative Procedures Manual found on the court's website.

### B. Protected Information

Counsel are reminded to comply with the Administrative Procedures Manual's requirements for redacting personal identifiers (*e.g.*, Social Security numbers, drivers' license numbers, birth dates, addresses, telephone numbers, and bank account or credit card information) and other personal or sensitive information in compliance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899 (2002), and regulations promulgated thereto.

The parties must comply with the Administrative Procedures Manual when filing materials under seal.

### C. Required Electronic Submissions to Chambers

Counsel must e-mail a copy of any filed motion or brief, and any proposed order, to Manasco_chambers@alnd.uscourts.gov. All digital copies should be sent in Microsoft Word format. All communications to the chambers e-mail address must

show a copy to opposing counsel or *pro se* parties. If a *pro se* party does not have an e-mail address on file, the sender must certify that a copy of the communication will be sent to the physical address given.

### D. Required Paper Submissions to Chambers

For all submissions exceeding fifty pages (including exhibits), the filing party must submit, within three business days of filing, an exact courtesy copy of the submission, reflecting the CM/ECF filing stamps at the top of each page, to the Clerk's office for delivery to chambers. Deliveries are not accepted in chambers. **All hard copies must be double-sided** and securely bound, whether in a three-ring binder or with a large clip.

## III.   Particular Cases

The court's website contains standard orders for fee-shifting cases. If a party anticipates that it may, for any reason other than as a sanction under the Federal Rules of Civil Procedure, seek an award of fees from the opposing party pursuant to a statute or common law or an agreement between the parties, then the party must comply with the mandatory rules of fee-shifting cases. Failure to comply may result in denial of a request for attorney's fees.

## IV.   Motion Practice

All motions must comply with the requirements of this order. Except for good cause shown, motions and briefs that do not conform to the requirements of this

order may be stricken. Materials submitted after the close of the submission schedule will not be considered absent leave of court.

### A. Format

The parties' motions and briefs must be in Times New Roman font and fourteen-point type, except that footnotes may be in twelve-point type. Documents must be double-spaced except that footnotes and indented quotations may be single-spaced. The court will not consider arguments incorporated by reference to earlier filings and will not consider substantive arguments raised only in footnotes. Citations to the record must refer to the CM/ECF document number, page number, and, where available, paragraph or line number.

Requests for oral argument, if applicable, must appear on the first page of the motion, brief, or opposition directly below the case number in the caption of the pleading.

For all motions other than summary judgment motions, an indication whether the motion is opposed or unopposed must appear in both the **title** and the caption of the motion.

### B. Separately Filed Exhibits

When parties submit evidentiary materials in connection with a motion, brief, or response thereto (except on summary judgment), each exhibit must be separately filed in CM/ECF as its own sub-document to the motion, brief, or response thereto,

which should be designated in CM/ECF as the main document. For example, a motion might be Doc. 12, and exhibit A to that motion would be Doc. 12-1. Special requirements for separately filed evidentiary submissions in connection with summary judgment motions are enumerated in Appendix I, *infra*.

Parties must contact chambers for further instructions to submit evidentiary materials that may not be electronically filed through CM/ECF, such as video recordings or physical items.

### C. Proposed Orders

Any motion, opposition, or reply may be accompanied by a proposed order. **All proposed orders must be both filed in CM/ECF (as a separate sub-document to the main filing) and e-mailed (in Microsoft Word format) to the chambers e-mail address**.

### D. Dispositive Motions

Any motion for summary judgment filed in this action must comply with all requirements of Appendix I to this order. Any other dispositive motion must comply with the requirements of Appendix I to the extent practicable.

### E. Other Motions

A party filing a motion that is not a summary judgment motion may either incorporate in the motion the arguments and authorities upon which it relies, or simultaneously file a separate brief with its motion. The total number of pages filed must not exceed fifteen (exclusive of exhibits).

If the court requires briefing, the court will set a briefing schedule. If a non-moving party wishes to file an opposition, counsel for that party may send a message to Manasco_chambers@alnd.uscourts.gov to request a briefing schedule. If the non-moving party does not promptly request a briefing schedule, the court may rule on a motion without briefing. Responsive briefs are limited to fifteen pages, exclusive of exhibits. Reply briefs, if any, are limited to ten pages. Sur-replies are not permitted without leave of court.

### F. Motions About Discovery Disputes

Parties must seek leave of the court before filing a motion about a discovery dispute. Counsel for the moving party must confer with opposing counsel to attempt to resolve their disagreements regarding discovery. If the parties are unable to resolve their dispute in that manner, then the party filing the motion for leave of the court shall describe all efforts taken to resolve the disputed matter and shall certify in the motion that the parties conferred pursuant to this order and were unable to reach an agreement. If an attorney makes a good faith effort but is unable to contact opposing counsel, then the attorney shall describe in the motion the attorney's efforts to contact and coordinate with opposing counsel. Failure to include a statement of the parties' attempt to resolve the matter without the court's intervention may result in an automatic denial of the motion.

If a motion for leave is opposed, the non-moving party may file a response within three days. The motion for leave must specify the nature of the discovery dispute and the steps the parties have taken to resolve it. The motion for leave need only include the facts relevant to the dispute; legal argument and citations are not necessary in the motion for leave. If the court grants leave, the moving party must file the discovery motion no later than the next business day.

### G. Motion of Counsel to Withdraw

Once an attorney has appeared as counsel for a party, he or she may not withdraw from the action merely by filing a "notice of withdrawal," but must file a motion stating the specific grounds for withdrawal and seeking permission of the court to do so. Any motion to withdraw which, if granted, would leave a party unrepresented by counsel must include a certification that the moving attorney has served a copy of the motion on his or her client and has informed the client of the right to promptly file an objection with the court. The motion must also include the notation, "Future notice to (name of party) is to be made at the following address: (state last known address of the party)."

### H. Motions for Extension of Time

Absent extraordinary unforeseen circumstances, any motion for an extension of any deadline must be filed three or more days before the deadline sought to be extended. Motions for an extension of time that do not satisfy this requirement will

ordinarily be automatically denied. Successive requests for extensions by the same party are disfavored. Parties may agree among themselves to adjust deadlines for expert testimony without leave of court so long as such adjustments are agreed upon by all parties and do not affect the discovery cutoff or dispositive motions deadline.

**Extensions for the deadlines set to complete all discovery and file dispositive motions will not be granted absent extraordinary cause. In the event extraordinary cause is shown, only one extension will be granted.**

Any motion to extend the deadline to complete all discovery must state when the moving party first propounded discovery requests and/or noticed depositions and must include any other information that will help the court determine how effectively the parties have used the amount of time originally allowed for discovery.

### I. Motions To Seal

Any motion to seal must satisfy the legal standard in *Romero v. Drummond Co., Inc.*, 480 F.3d 1234 (11th Cir. 2007). Motions that do not satisfy this standard will be routinely denied.

### J. Oral Argument

If any party desires to have the opportunity for oral argument on a motion, that party should request argument in its motion (or response).

**DONE** and **ORDERED** this 13th day of July, 2023.

_____
**ANNA M. MANASCO**
UNITED STATES DISTRICT JUDGE
for the Court

# APPENDIX I

# SUMMARY JUDGMENT MOTION PRACTICE

**This appendix contains mandatory instructions that must be followed.** Except for good cause shown, briefs and evidentiary submissions that do not conform to the following requirements may be stricken.

## I. SUBMISSION DATES

The court will set a deadline for the parties to file dispositive motions. Any motion for summary judgment and briefs and evidentiary submissions must be filed on or before that deadline. The opponent's responsive brief must be filed no later than twenty-one days after the movant's brief, unless otherwise ordered by the court. The movant's reply brief, if any, must be filed no later than fourteen days after the date on which the opponent files its responsive brief, unless otherwise ordered by the court. If the due date for a response or reply falls on a weekend or court holiday, the due date shall be the next business day. To ensure that each party is afforded a full and fair opportunity to be heard, the parties must deliver copies of briefs and evidentiary submissions to opposing parties without undue delay and, generally, on the same date such materials are submitted to the court.

## II. SUBMISSIONS

The parties' submissions in support of and opposition to summary judgment motions must consist of: (1) a brief containing, in separately identified sections (a) a statement of allegedly undisputed relevant material facts (or rebuttal to such statement, for an opposition filing) and (b) a discussion of relevant legal authorities; and (2) copies of any evidentiary materials upon which the party relies. More detailed requirements for these submissions are explained below.

## III. REQUIREMENTS FOR BRIEFS

### A. Format

Initial and response briefs are limited to thirty-five pages. Reply briefs are limited to fifteen pages. Briefs that exceed twenty pages must include a table of contents that accurately reflects the organization of the document. The table of contents is not included in the page limit. The text of briefs must be double-spaced (except for quotations exceeding fifty words, which may be block indented from the left and right margins and single-spaced) using fourteen-point Times New Roman typeface.

**The court will not consider arguments incorporated by reference to earlier filings and will not consider substantive arguments made in footnotes.** The court may strike any brief that would exceed the page limits because of attempts to incorporate by reference or include substantive arguments in footnotes.

### B. Submissions

The parties must electronically file the original brief. The parties also must e-mail to Manasco_chambers@alnd.uscourts.gov such brief in Microsoft Word format, contemporaneously with the filing of the brief.

### C. Manner of Stating and Supporting Facts

Counsel must state facts in clear, unambiguous, simple, declarative sentences. All statements of fact, in all sections of the brief, must be supported by specific reference to the CM/ECF document and page number of the evidentiary submission. **COMPLIANCE WITH THIS REQUIREMENT WILL NECESSITATE FILING THE EVIDENTIARY SUBMISSION IN SUPPORT OF THE BRIEF SEPARATELY FROM THE BRIEF AND MAY NECESSITATE FILING THE EVIDENTIARY SUBMISSION ONE OR MORE DAYS PRIOR TO FILING THE BRIEF. BOTH THE BRIEF AND EVIDENTIARY SUBMISSION MUST BE FILED ON OR BEFORE THE FILING DEADLINE.**

#### 1. Moving Party's Initial Statement of Facts

The moving party's brief must set forth each material fact that, when construed in the light most favorable to the non-moving party, the movant contends is true, material, and not in genuine dispute, and upon which the moving party relies to demonstrate that it is entitled to summary judgment. Each statement of fact must

be followed by a specific reference to those portions of the evidentiary record that the movant claims support it.

### 2. Opposing Party's Statement of Facts

Each party opposing a summary judgment motion also must submit a statement of facts. This statement of facts must include (although not necessarily in this order) (1) the non-movant's disputes, if any, with the movant's claimed undisputed facts; (2) additional undisputed facts, if any, that the non-movant contends require denial of summary judgment; and (3) disputed facts that the non-movant contends require denial of summary judgment. Each statement of fact must be followed by a specific reference to those portions of the evidentiary record that the opposing party claims support it.

All material facts set forth in the statement required of the moving party will be deemed to be admitted for summary judgment purposes unless controverted by the response of the party opposing summary judgment.

### 3. Moving Party's Reply

The reply submission, if any, must include the moving party's disputes, if any, with the non-moving party's additional claimed undisputed facts. Any statements of fact that are disputed by the moving party must be followed by a specific reference to those portions of the evidentiary record upon which the dispute is based. All additional material facts set forth in the statement required of the opposing parties

will be deemed to be admitted for summary judgment purposes unless controverted by the statement of the movant.

## IV. REQUIREMENTS FOR EVIDENTIARY SUBMISSIONS

To facilitate the court's requirement that the parties' briefs cite to CM/ECF document and page numbers, the parties must electronically file all evidentiary materials (*e.g*., affidavits, exhibits, depositions, or other products of discovery) relied upon in support of or opposition to summary judgment motions separately from their briefs and before they file their briefs in support of or opposition to summary judgment.

Any party opposing a summary judgment motion may reference materials in the moving party's evidentiary submission without refiling those materials. Parties should refrain from re-submitting additional copies of the same documents.

### A. Organization

The evidentiary submission must include a table of contents that includes a brief narrative description of each document included: *e.g*., "Plaintiff's Exhibit 1, the Deposition of John Jones." For ease of citation, each affidavit, exhibit, deposition, or other product of discovery must be separately identified by a capital letter or numeral (*i.e*., "Exhibit A" or "Exhibit 1"); and, if the exhibit contains more than one page, each page must be separately numbered.

**B. Depositions**

The parties must submit entire depositions, even if they rely only on excerpts, including all exhibits to the depositions. Deposition travel transcripts that are submitted as part of the evidentiary record should include no more than four pages of deposition text per 8½ by 11 inch page.

**C. Submissions**

The parties must electronically file their evidentiary submissions. The parties must also submit to the Clerk of Court a courtesy copy of their evidentiary submissions, reflecting the CM/ECF filing stamps at the top of each page, for delivery to the court's chambers. The courtesy copy should follow the instructions for courtesy copies that appear in the Initial Order. Additionally, the courtesy copy should include a tab corresponding to each item of evidence.

Regarding courtesy copies of depositions, parties must include the entire deposition, in travel transcript format consisting of no more than four pages of deposition text per 8 ½ by 11 inch page, as well all exhibits to the depositions with sub-tabs, clearly labeled.

The courtesy copy must be provided to the Clerk within three business days of the electronic filing of the evidentiary submission.