UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **KHADIDAH STONE,** *et al.*, ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | Case No.: 2:21-cv-1531-AMM |
| **v.** ) | |
| ) | |
| **WES ALLEN,** *in his official* ) | |
| *capacity as Alabama Secretary of* ) | |
| *State*, *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

## ORDER SETTING TRIAL, PRETRIAL CONFERENCE, AND PRETRIAL DEADLINES

This case is **SET** for a non-jury trial on **November 12, 2024, at 9:00 AM** in the Third Floor Courtroom, Robert S. Vance Federal Building and Courthouse, 1800 5th Avenue North, Birmingham, Alabama 35203. A final pretrial conference via telephone is set for **November 6, 2024, at 1:00 PM**. The court will provide the call in information to the parties by email a few days prior to the conference.

An in-person pretrial conference and a hearing on all motions in limine is set for **October 22, 2024, at 1:00 PM** in Courtroom 5B, Hugo L. Black, United States Courthouse, Birmingham, Alabama.

**On or before October 15, 2024,** plaintiff's counsel is to email to the chambers email address (manasco_chambers@alnd.uscourts.gov) a **JOINT**

**PROPOSED PRETRIAL ORDER** in Word format, with a copy to opposing counsel. A sample joint proposed pretrial order and its Exhibits A and B are attached to this order to illustrate the preferred format and required substance of such an order. The parties should tailor their proposed order to fit the circumstances of their case. The court anticipates that ordinarily at the end of the pretrial conference, the court will adopt and sign the proposed order with only minor changes. The court will incorporate the standard Exhibits A and B to the pretrial order; counsel need not reproduce those exhibits in their proposed order unless counsel propose changes.

Witness and exhibit lists are already on file, and deadlines for objections and motions in limine were set by separate order.

To promote an expeditious trial, the parties are **ORDERED** to do the following:

1. Send three courtesy copies of all exhibits and demonstratives that the parties intend to use during the preliminary injunction hearing to this court on or before **October 16, 2024**. The exhibits should be file-stamped, double-sided, tabbed, and securely bound (whether in a binder or with coil binding) with an index. Any depositions must include the entire deposition, in travel transcript format consisting of no more than four pages of deposition text per 8 ½ by 11-inch page, as well as all exhibits to the depositions. Any demonstratives

should be tabbed and securely bound with an index and should be exchanged among counsel for all parties before they are sent to this court.

2. Send three courtesy copies of motions in limine and responses in opposition by **October 16, 2024**. The motions should be file-stamped, double-sided, tabbed, and securely bound.

3. File with the court not later than **October 22, 2024**, a list of all counsel who will attend and participate in the trial so that the court may arrange appropriate seating in the courtroom.

4. Alert the court no later than **November 4, 2024**, by email (Manasco_Chambers@alnd.uscourts.gov), with a copy to all counsel, if counsel intends to use any audio-visual equipment during the trial other than the courtroom document camera.

**DONE** and **ORDERED** this 16th day of September, 2024.

_____
**ANNA M. MANASCO**
UNITED STATES DISTRICT JUDGE

**SAMPLE PROPOSED PRETRIAL ORDER**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
[*Name of Division*] DIVISION

| | | |
|---|---|---|
| [*Name of the Plaintiff(s)*], | ) | |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | |
| v. | ) | Case No.:  [*Case Number*] |
| | ) | |
| [*Name of the Defendant(s)*], | ) | |
| | ) | |
| Defendant(s). | ) | |

**PRETRIAL ORDER**

A pretrial conference was held in the above case on **[*Date*]**, wherein, or as a result of which, the following proceedings were held and actions were taken:

1. <u>Appearances</u>. Appearing at the conference were:

    For [*Enter Plaintiff(s)*]:_____

    For [*Enter Defendant(s)*]:_____

*[Include a line for each party in the case, unless the same counsel represents all parties on a particular side.]*

2. <u>Nature of the Action, Jurisdiction and Venue</u>.

    (a) The nature of this action is as follows: ***[For example, employment discrimination, Fair Labor Standard Act, breach of contract, etc.]***

(b) The court has subject matter jurisdiction of this action under the following statutes, rules, or cases: **[*List each statute, rule or case claimed to authorize the court's subject matter jurisdiction in this action.*]**

(c) All jurisdictional and procedural requirements prerequisite to maintaining this action **[*have/have not*]** been met.

(d) Personal jurisdiction and/or venue **[*are/are not*]** contested.

**[*If personal jurisdiction or venue is contested, briefly set out the relevant arguments.*]**

3. Parties and Trial Counsel. Any remaining fictitious parties are hereby **STRICKEN.** The parties and designated trial counsel are correctly named as set out below:

|  | Parties: | Trial Counsel: |
|---|---|---|
| Plaintiff(s): | **[*Name of the Plaintiff(s)*]** | **[*Name of Counsel*]** |
|  | **[*Name of the Plaintiff(s)*]** | Same Counsel |
| Defendant(s): | **[*Name of the Defendant(s)*]** | **[*Name of Counsel*]** |
|  | **[*Name of the Defendant(s)*]** | Same Counsel |

**[*Include a line and designation for each party in the case.*]**

4. Pleadings. The following pleadings have been allowed:

**[*List pleadings in the order in which they were filed and allowed. Do not include pleadings that have been stricken or otherwise disallowed. See Fed. R. Civ. P. 7(a) for a list of allowable pleadings.*]**

    5.    <u>Statement of the Case</u>.

        (a)    <u>Narrative Statement of the Case</u>.

**[*The summary must be concise and appropriate for the court to use in advising the jury of the basic nature of the case during voir dire.*]**

        (b)    <u>Undisputed Facts</u>.

**[*The parties shall set out in separately numbered paragraphs each fact that is not in dispute. The parties are reminded that the court, in an effort to reduce the need for evidence at and length of the trial, expects them to approach this task in a good faith effort to agree on all relevant facts for which there is no reasonable basis for disagreement. In a jury trial, this section will be read to the jury and the jury will be instructed to accept these facts as true.*]**

        (c)    <u>Plaintiff's Claims</u>.

**[*For each defendant, each Plaintiff shall concisely state each legal theory relied upon and shall set out the factual allegations which he or she expects to prove in support of each theory. Vague, conclusory, and general claims and allegations are not acceptable. By this stage of the proceedings, Plaintiff is expected to know what the claims are and must state precisely the issues expected to be tried. Each claim must be set out in a separately numbered paragraph, appropriately labeled. Under each claim, each Plaintiff shall list any citations to the major cases, statutes, etc. that support his or her legal theory.*]**

        (d)    <u>Defendant's Defenses</u>.

**[*For each claim against him or her, each defendant shall concisely state each legal theory relied upon and shall set out the factual allegations that he or she expects to prove in support of each legal theory. Vague, conclusory, and general claims and allegations are not acceptable. By this stage of the proceedings, Defendant is expected to know what the defenses are and must state precisely the issues expected to be tried. Each defense must be set out in a separately numbered*]**

*paragraph, appropriately labeled. Under each defense, each Defendant shall list any citations to the major cases, statutes, etc. that support his or her theory.*]

  6. <u>Discovery and Other Pretrial Procedures</u>.

    (a) <u>Pretrial Discovery</u>. [*Submit only one of the below.*]

      i. Pursuant to previously entered orders of the court, discovery is closed.

      ii. The parties are given leave to proceed with further discovery provided it is commenced in time to be completed by [*date*].

    (b) <u>Pending Motions</u>.

[*List all pending motions or state that there are no motions pending. Motions should be listed in separately numbered paragraphs, leaving sufficient space for the court to indicate its rulings below each listed motion.*]

  7. <u>Trial Date</u>.

    (a) This case is set for [*Jury/Non-Jury*] trial on [*date*].

    (b) The trial of this matter is expected to last [*number*] days.

  8. The parties are to read and comply fully with each provision contained in Exhibits A and B to this order, which are incorporated into this order by reference as if fully set forth herein.

  The court **ORDERS** that the above provisions be binding on all parties unless modified for good cause shown.

**DONE** and **ORDERED** this _____ day of _____, 20_____.

_____
**ANNA M. MANASCO**
UNITED STATES DISTRICT JUDGE

## EXHIBIT A – STANDARD PRETRIAL PROCEDURES

1. **Damages**. No later than thirty (30) calendar days before the date set for trial, the parties shall file and serve a list itemizing all damages and equitable relief being claimed or sought; such list shall show the amount requested and, where applicable, the method and basis of computation.

2. **Witnesses**.

The parties shall file witness lists on or before the date specified in the pretrial order. If a witness shown on the list will be presented by deposition, the party designating that witness must specify the pages of the deposition to be used. Objections to witness lists must be filed on or before the date specified in the pretrial order.

Unless specifically agreed by the parties in writing or allowed by the court for good cause shown, the parties shall be precluded from offering substantive evidence through any witness not included on the party's witness list. The listing of a witness does not commit the party to have that witness available at trial or to call that witness to testify, but it does preclude the party from objecting to the presentation of that witness's testimony by another party.

As to any witnesses shown on the list to be presented by deposition, an opposing party may serve a list of additional pages of the deposition to be used, and may serve and file a list disclosing any objections to the use of the deposition testimony under Federal Rules of Civil Procedure 32 or 26(a)(3)(B). Any objections to deposition testimony should be accompanied by excerpts from the depositions including the testimony to which the objection relates and must be filed with objections to the witness list.

Objections to the witness list not made within the time specified in the pretrial order, other than objections under Federal Rules of Evidence 402 and 403, shall be deemed waived, unless such failure to timely object is excused by the court for good cause shown.

3. **Exhibits**.

The parties shall file exhibit lists on or before the date specified in the pretrial order. Objections to exhibit lists must be filed on or before the date specified in the pretrial order.

(a) **Marking**. Each party that anticipates offering more than five (5) exhibits as substantive evidence shall premark the exhibits in advance of trial, using exhibit labels and lists available from the Clerk of Court. The court will provide up to 100 labels; if any party needs more labels, that party must use labels of the same type as those supplied by the court. Counsel <u>must</u> contact the courtroom deputy for the appropriate exhibit list form for use at trial. The court urges counsel to be judicious in determining which documents are actually relevant to necessary elements of the case.

(b) **Examination by Opposing Party**. Except where beyond the party's control or otherwise impractical (*e.g.*, records from an independent third-party being obtained by subpoena), each party shall make exhibits available for inspection and copying. The presentation of evidence at trial ordinarily will not be interrupted for opposing counsel to examine a document that has been identified and was made available for inspection.

(c) **Court's Copies**. In addition to the premarked trial exhibits mentioned above, the court requests for the bench an exhibit notebook of anticipated trial exhibits. The notebook should include a copy of the Exhibit List. The parties shall also email a courtesy copy of the exhibit notebook to the chamber's email address at Manasco_chambers@alnd.uscourts.gov.

(d) **Limiting Personal Information in Transcripts and Exhibits**. The judiciary's privacy policy restricts the publication of certain personal data in documents filed with the court. The policy requires limiting Social Security and financial account numbers to the last four digits, using only initials for the names of minor children, and limiting dates of birth to the year. However, if such information is elicited during testimony or other court proceedings, it may become available to the public. The better practice is for you to avoid introducing this

A-2

        information into the record in the first place. Please take this into account when questioning witnesses, presenting documents, or making other statements in court. If a restricted item is mentioned in court, you may ask to have it stricken from the record or partially redacted to conform to the privacy policy, or the court may do so on its own motion.

(e)    **Objections**. Objections to the exhibit list not made within the time specified in the pretrial order, other than objections under Federal Rules of Evidence 402 and 403, shall be deemed waived, unless such failure to timely object is excused by the court for good cause shown.

**4.**    **Failure to Disclose**.

        **THE PARTIES ARE REMINDED THAT THEY WILL NOT BE ALLOWED TO USE AT TRIAL ANY WITNESS OR EXHIBIT NOT DISCLOSED IN ACCORDANCE WITH FEDERAL RULES OF CIVIL PROCEDURE 26(a) OR 26(e), UNLESS THE FAILURE WAS SUBSTANTIALLY JUSTIFIED OR THE OFFERING PARTY CAN SHOW THAT ITS FAILURE TO DISCLOSE WAS HARMLESS.** *See* **Fed. R. Civ. P. 37(c)(1).**

**5.**    **Motions *In Limine***.

        Motions *in limine* must be filed on or before the date specified in the pretrial order. Supporting arguments and legal authorities should be included in the motion rather than filed as separate memoranda. Counsel must indicate whether each motion is opposed. Parties are encouraged to resolve evidentiary issues by stipulation whenever possible. Responses in opposition to the motions *in limine* must be filed on or before the date specified in the pretrial order. Counsel are reminded that under the Initial Order, motions *in limine* should include a proposed order.

        The parties must provide the court with a courtesy copy of each motion *in limine* and each response to a motion *in limine*, including exhibits. These materials should be double-sided. Each page must be three-hole punched and securely bound in a three-ring binder or a large clip, with tabs separating each exhibit. Courtesy copies should reflect the CM/ECF case number, document number, date, and page stamp on each page.

A-3

**6.    Use of Depositions at Trial.**

(a) The court will accept the parties' written agreement to use a deposition at trial even though the witness is available. In the absence of such an agreement, parties must comply with Federal Rule of Civil Procedure 32.

(b) Before trial, counsel must provide the courtroom deputy with a copy of all depositions to be used as exhibits at trial.

(c) Counsel will designate the portion of any deposition that counsel anticipates reading by citing pages and lines in the final witness list. Objections, if any, to those portions (citing pages and lines) with supporting authority must be filed with objections to the witness list.

(d) Use of videotape depositions is permitted and the parties must make good faith efforts to agree on admissibility or edit the videotape to resolve objections.

(e) In a non-jury trial, for any deposition offered as a trial exhibit, counsel shall attach to the front of the exhibit a summary of what each party intends to prove by the deposition testimony, with line and page citations, and include an appropriate concordance of the deposition pages offered.

**7.    Trial Submissions to Court.**

The court does not request trial briefs, but any party may file a trial brief. The decision not to file a trial brief will not prejudice a party in any way. If a party chooses to file a trial brief, it is limited to ten pages, footnotes are not allowed, and it must be filed no later than ten days before the trial date. Responsive trial briefs will not be allowed. Parties are encouraged to file trial briefs only if there is a legal issue to which they would like to draw the court's attention. Trial briefs that recite alleged facts or rehash motions *in limine* will not be helpful to the court.

## EXHIBIT B – GUIDELINES FOR CONDUCT OF TRIALS

*These guidelines reflect the standard practices of this court in the trial of cases. They do not alter the rules of civil or criminal procedure, the rules of evidence, or local rules.*

**1.** **Hours**. Trials ordinarily commence at 9:00 a.m. and continue until approximately 5:00 p.m., Mondays through Fridays.

    (a)    **Punctuality**. You, your client, and your witnesses should be present and ready to proceed promptly at the appointed time, both at the beginning of the day and after recesses. Counsel should be present at the courthouse at least 30 minutes before the beginning of each trial day to avoid delays and to be available to discuss unanticipated problems.

    (b)    **Recesses**. A witness whose examination has not been completed at the time of a recess or adjournment should be back in the witness box at the time trial is scheduled to resume.

    (c)    **Requests for changes**. Make known to the court as soon as can be anticipated any requests for changes in the trial schedule, including those relating to religious holidays or arising because of unavailability of witnesses.

    (d)    **Conferences**. In jury cases, the judge may hold a brief conference in chambers at the end of the trial day or before the trial commences or resumes, or both, at which time counsel can discuss the schedule of witnesses and documents and any anticipated evidentiary problems. Alert the court reporter if you want to have some motion, argument, proffer, or other matter placed on the record during the conference.

    (e)    **Settlement discussions**. Although settlements should occur to the extent possible before the trial is scheduled to begin, counsel are encouraged to discuss settlement as the trial progresses. These discussions should ordinarily be conducted during recesses and adjournments. The court will not delay the start or resumption of trial for such discussions. Advise the court if at any point you believe the court's assistance might be helpful in arriving at a settlement.

**2.     Opening statements**. Unless otherwise allowed by the court, opening statements are limited to 20 minutes per party. Although a description of the basic claims and defenses and of the principal factual disputes between the parties is usually helpful, do not be argumentative and do not in jury cases refer to disputes about questions of law. In non-jury cases, opening statements are frequently limited to stating what claims and defenses are being pursued and what witnesses will be called.

**3.     Witnesses**. Cooperative witnesses not immediately needed should, to the extent practical, be placed "on call." However, you remain responsible for having sufficient witnesses available in court so that, absent developments that could not have been reasonably anticipated, the trial may proceed during the normal trial hours without the need for adjournments or lengthy recesses to obtain further witnesses. Since defendants should be ready to proceed with their evidence promptly at the conclusion of the plaintiff's presentation, plaintiff's counsel should keep defendant's counsel advised as to when they expect to complete their presentation of evidence.

>   (a)   **Order**. Counsel are expected to cooperate in resolving scheduling problems, including agreement in most circumstances for a witness to be called out of the normal order, even if the testimony of another witness is interrupted. Such accommodations are the norm for physicians and other similar professionals called as witnesses and may be appropriate for other witnesses with personal, family, or occupational conflicts. Counsel are also expected to cooperate in placing "on call" those employees of another party whose absence would disrupt such party's normal business activities.
>
>   (b)   **Production**. Do not ask opposing counsel to produce a witness or a document in a way that might suggest to the jury that such counsel would be concealing evidence if the witness or document is not produced. Address such requests to opposing counsel (or, if necessary, to the court) in a manner that will not be heard by the jury.
>
>   (c)   **Oaths**. The courtroom deputy ordinarily administers an oath/affirmation to the witnesses and immediately asks their name and place of residence. If you know that the standard questions might be inappropriate (for example, the witness is in prison), so advise the deputy before the witness is called to the stand.
>
>   (d)   **Release**. Witnesses should be released from further attendance or subpoena as soon as they are no longer needed. After testifying, a witness shall be deemed as released by consent unless counsel or the court indicates that the witness should not be so excused. You should

not consent to release of a witness if you will later offer in evidence a prior inconsistent statement about which the witness was not examined or if you wish to make a proffer of testimony of that witness to which an objection was sustained.

    (e)    **Exclusion**. Requests under Federal Rule of Evidence 615 for exclusion of witnesses from the courtroom should be made before examination of the first witness begins, preferably before opening statements. Be alert for witnesses arriving during trial and inadvertently coming into the courtroom. Although the Rule does not prevent talking with excluded witnesses during recesses about their expected testimony, do not in such discussions disclose the courtroom testimony given by other witnesses. After testifying and provided they will not be recalled, witnesses are no longer subject to the Rule and may remain in the courtroom.

**4.**    **Examination of witnesses**. Absent physical disabilities, examination of a witness should ordinarily be conducted while the witness is seated in the witness box and counsel is standing at the lectern.

    (a)    **Approaching clerk's desk or witness box**. Permission of the court to approach the clerk's desk or the witness box is not necessary if for the purposes of submitting or obtaining an exhibit, handing an exhibit to the witness, or conducting examination about an exhibit when counsel needs to be next to the witness during the examination. Return to the lectern after such examination is finished.

    (b)    **Other locations**. Request permission of the court if you wish the witness to step from the witness box (for example, to display an injury, to prepare a sketch, or to identify objects in a photograph). Assist the court in assuring that your voice and that of the witness are sufficiently loud to be heard and that opposing counsel's view is not obstructed.

    (c)    **Depositions**. As you use or read from a deposition, indicate the page and line number of the starting and stopping points. Colloquies and objections of counsel should ordinarily be omitted, as should questions that are rephrased or changed prior to the answer being given. When the deposition refers to an exhibit, counsel may, in addition to the identification used in the deposition, indicate the exhibit number used during the trial. Persons asked to read the deponent's testimony should do so fairly and impartially. Depositions are not ordinarily read aloud in non-jury cases; you should submit to the court well before the trial is completed a list of the portions you want the court to read.

    (d)    **Harassment**. Treat witnesses with courtesy, even when conducting vigorous impeachment. Do not shout at, ridicule, harass, or unfairly embarrass a witness. Use temperate language when requesting the

court's assistance to control or direct a witness who is giving unresponsive or argumentative answers.

5. **Objections**. Rise before (or as) you object; this draws the attention of the court and other counsel to you and should alert the witness not to answer until your objection is ruled upon. While standing, state that you are objecting and specify concisely the ground(s) of your objection (for example, "hearsay," "irrelevant," "lack of personal knowledge," "leading question"). Do not make a speech or argument to the jury. Do not disparage opposing counsel or the witness. Do not attempt to summarize other evidence. Do not suggest an answer to the witness.

    (a) **Response by offeror**. The person who asked the question should not interrupt the person making the objection except to withdraw the question or if the objection itself is being made in an improper manner (for example, as an argument to the jury or to suggest an answer to the witness). After the objection has been stated, you may indicate if the evidence is being offered only for a limited purpose or only against certain parties.

    (b) **Argument on the objection**. Neither counsel should present arguments regarding the objection unless authorized or invited by the court. If you wish to be heard in argument, request the court's permission.

    (c) **Continuing objection**. In some circumstances you may be allowed to have a "continuing objection" to a particular line of inquiry, and therefore, you may not have to repeat your objection to a series of questions. Typically, this occurs when your objection on the grounds of relevancy is overruled and you wish to make a relevancy objection to further questions on the same subject.

    (d) **Anticipating evidentiary problems**. Evidentiary questions which may involve extended discussion and argument should be anticipated and called to the court's attention at the start or end of the trial day so that the question can be adequately considered without having to interrupt the trial schedule.

6. **Special equipment**. Audio-visual equipment should be brought into the courtroom and tested before or after trial hours or during a recess. You are responsible for seeing that the trial is not substantially delayed while such equipment is being set up. Make arrangements with the courtroom deputy if you need special access to the courtroom.

7. **Closing arguments**. Unless otherwise allowed by the court, closing arguments are limited to 30 minutes per side. Counsel for the party having the burden of proof shall be the first to present closing argument and may reserve a portion of the allotted time (not in excess of initial time taken) to respond to the other parties'

arguments. A party seeking damages and who is permitted to divide its time of argument should address both liability and damages issues in its initial argument. Do not express your own personal opinions about the facts. Do not invite jurors to return a verdict as if they were in the position of one of the parties. You may leave the lectern, but keep your voice sufficiently loud to be heard by other counsel, the judge, and the court reporter.

**8.     Instructions**. Persons are not ordinarily permitted to enter or leave the courtroom during the time the court is instructing the jury. The court will provide counsel with an opportunity to present objections or exceptions to the instructions outside the hearing of the jury and before the deliberations begin either at the bench or after excusing the jurors from the courtroom. Counsel are expected to remain in general attendance at the courthouse while the jury is deliberating; the failure to do so may be treated as a waiver of any right to object should the jury request and be given supplemental instructions. If counsel absolutely must leave the courthouse, they should provide a contact number, to be reached at a moment's notice, to the courtroom deputy.

**9.     Other Matters of Proper Decorum and Conduct**.
  (a)   Address or refer to witnesses or other parties using their surname.
  (b)   **Indicating agreement and disagreement**. No one should by words, facial expressions, or other conduct indicate personal agreement or disagreement with what is being said by the court, the jury, an attorney, or a witness. Counsel are responsible for assuring that their clients and the friends or supporters of their clients are warned about such behavior.
  (c)   **Attendance**. Parties are not required to remain in continuous attendance during civil trials. To facilitate arranging for the attendance of witnesses and procuring documents, attorneys may, without need for permission from the court, enter and leave the courtroom during the trial from time to time if their client remains represented by co-counsel. Such movements should, however, be done in an unobtrusive and non-distracting manner. Paralegals not expected to testify may, without the need for special permission from the court, be inside the railing to assist counsel.
  (d)   **Smoking, eating, and drinking**. Smoking, eating, and drinking (other than water or coffee in a cup with a lid) are never permitted in the courtrooms.

(e) **Cellular telephones; recording devices**. Keep cellular telephones in an "off" position while in the courtroom. Recording devices may be used in the courthouse only with express permission of the court.