UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

KHADIDAH STONE, et al.,

    *Plaintiffs*,

vs.

WES ALLEN, et al.,

    *Defendants*.

Case No.: 2:21-cv-1531-AMM

## PLAINTIFFS' MOTION IN LIMINE TO PRECLUDE IRRELEVANT EVIDENCE AND TESTIMONY

Plaintiffs request under Federal Rules of Evidence 401 and 403 that the Court preclude Defendants from introducing two categories of evidence and testimony, neither of which are relevant to Plaintiffs' vote-dilution claim concerning State Senate districts in the Montgomery and Huntsville areas.

First, the Court should preclude evidence and testimony regarding the investigation, prosecution, or conviction of individuals relating to voter fraud or election crimes, including the testimony of Greg Biggs ("election crimes evidence").[1] *See* Defs.' Ex. List, ECF No. 176, ¶¶ 144–200; Defs.' Witness List, ECF No. 177 at 1. Evidence of prior election crimes or a voter-fraud investigation

---

[1] All of the noted exhibits, DE176, ¶¶ 144–200, are also likely inadmissible hearsay. To the extent the Court denies this motion, Plaintiffs reserve the right to object individually on the basis of hearsay, foundation, and any other applicable grounds.

1

has no bearing on whether Alabama's 2021 State Senate map illegally dilutes Black voting power in the Montgomery and Huntsville areas in violation of Section 2 of the Voting Rights Act (VRA). The nonexistent probative value of election-crimes evidence is substantially outweighed by the danger it will confuse the issues before the Court and waste time in an already complex voting rights trial.[2]

Second, the Court should preclude the testimony of Bill McCollum and Valerie Branyon, witnesses called to testify to their experiences as Black Republicans campaigning and associating with the Republican Party in Fayette County. *See* Defs.' Witness List, ECF No. 177 at 1–2; Defs.' First Suppl. to Initial Disclosures at 3–4 (attached as Ex. A). The experiences of these witnesses in Fayette County have no bearing on whether Black voters in entirely different regions of Alabama have equal opportunities to elect candidates of their choice and participate in the political process. Neither witness had anything substantial to say regarding the State Republican Party and instead testified almost entirely about their political experience inside Fayette County.

The Court should therefore preclude introduction of the foregoing testimony and evidence.

---

[2] *See* Am. Scheduling Order, ECF No. 148; Pls.' Witness. List, ECF No. 174; Defs.' Witness. List, ECF No.177.

## ARGUMENT

Evidence is relevant and generally admissible if (i) it has "any tendency to make a fact more or less probable than it would be without the evidence" and (ii) "the fact is of consequence in determining the action." Fed. R. Evid. 401. "Irrelevant evidence is not admissible." Fed. R. Evid. 402. The Court may exclude otherwise relevant evidence "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. § 403. That is, evidence may be excluded when it is "distracting" from the "central obligation to decide the issue . . . ." *Tracy v. Fla. Atl. Univ. Bd. of Trs.*, 980 F.3d 799, 813 (11th Cir. 2020).

In analyzing the merits of a Section 2 claim, the Court must conduct "an *intensely local appraisal*" of the plan at issue, as well as a "searching practical evaluation of the past and present reality." *Allen v. Milligan*, 599 U.S. 1, 19 (2023) (emphasis added and citation omitted). The purpose of this appraisal is to determine "whether the political process is equally open to minority voters." *Thornburg v. Gingles*, 478 U.S. 30, 79 (1986).

Evidence about purported elections crimes and testimony by candidates from a region of Alabama not at issue should be precluded. This evidence will not and

cannot inform the Court's localized assessment of State Senate districts in Montgomery and Huntsville. Instead, it merely wastes time and confuses the issues.

## I. Defendants' Evidence of Allegations, Prosecutions or Convictions Related to Election Crimes Are Irrelevant Here and Are Inadmissible.

Defendants seek to introduce sentencing orders and guilty pleas related to election crimes, primarily in Houston County, and news articles alleging election crimes in Montgomery, Mobile, and Washington County. DE176 ¶¶ 144–200. They also seek to introduce testimony from former State Assistant Attorney General Greg Biggs as to his knowledge from "prosecut[ing] voter fraud in Wilcox County, Green County, Hale County, and Winston County." Ex. A at 2.

This case concerns vote dilution under Section 2 of the VRA about State Senate districting, which "turns on the presence of discriminatory effects, not discriminatory intent." *Milligan*, 599 U.S. at 25. This case does not involve arguments about the propriety of state policies relevant to the supposed prevention of election crimes or voter fraud, such as when the State has tried to introduce this evidence before. *Cf., e.g.*, *People First of Ala. v. Merrill*, 491 F. Supp. 3d 1076, 1107 (N.D. Ala. 2020) (referring to testimony by Mr. Biggs and finding that "regardless of whether they were designed to address fraud or to suppress the Black vote, the absentee ballot reforms enacted in the 1990s disproportionately disadvantaged the rural Black citizens who historically relied on absentee voting."). Plaintiffs do not

have an intent claim, and have not affirmatively raised these issues as a core part of their presentation under the Senate Factors.

Nor can Defendants introduce election-crimes evidence to speak to non-discriminatory legislative intent, at least where the policy rationales for the practices in question have not been raised. To the extent Plaintiffs may argue that Alabama's restrictive voting laws "may enhance the opportunity for discrimination against the minority group," *Gingles*, 478 U.S. at 37, the State's intent in enacting such laws is irrelevant. This factor "does not examine intent; rather, it asks whether the subdivision has used election practices 'that tend to enhance the opportunity for discrimination.'" *NAACP Spring Valley Branch v. E. Ramapo Cent. Sch. Dist.*, 462 F. Supp. 3d 368, 402 (S.D.N.Y. 2020), *aff'd sub nom. Clerveaux v. E. Ramapo Cent. Sch. Dist.*, 984 F.3d 213 (2d Cir. 2021); *see also Luna v. Cnty. of Kern*, 291 F. Supp. 3d 1088, 1136 (E.D. Cal. 2018) (finding that an inquiry into the "reason for the existence" of a majority-vote requirement was "irrelevant"); *United States v. City of Euclid*, 580 F. Supp. 2d 584, 607–08 (N.D. Ohio 2008) (finding that evidence of a non-discriminatory motive under Senate Factor 3 was "irrelevant" because the relevant inquiry concerns "the existence and effect of [an enhancing mechanism], not its purpose"); *Jeffers v. Clinton*, 730 F. Supp. 196, 210 (E.D. Ark. 1989) (same), *aff'd*, 498 U.S. 1019 (1991).

If Plaintiffs do address Alabama's restrictions on absentee or other methods of voting, the only question before the Court is whether any State practice "may" have a disparate impact, not why. *See, e.g.*, *Gingles*, 478 U.S. at 39 (affirming that a "majority vote requirement" presented a "practical impediment to the opportunity of black voting minorities"); *Rogers v. Lodge*, 458 U.S. 613, 625 (1982) (finding that "property ownership requirements . . . made it difficult for blacks to serve as chief registrar"); *Alpha Phi Alpha Fraternity Inc. v. Raffensperger*, 700 F. Supp. 3d 1136, 1270–71 (N.D. Ga. 2023) (concluding that polling-place closures, voter purges, and other rules had a disparate impact on Black voters).

Relatedly, Defendants disclosed Mr. Biggs as a former Assistant Alabama Attorney General "who prosecuted voter fraud in Wilcox County, Green County, Hale County, and Winston County," between 1995 and 2001. Ex. A at 2; Biggs Dep. 20:4-21:1 (attached as Ex. B). But even if his testimony were relevant to the Senate Factors (it is not), these counties are outside the Senate districts at issue. The districts at issue are near Montgomery, Huntsville, and Decatur. They cover Crenshaw, DeKalb, Elmore, Limestone, Madison, Montgomery, and Jackson counties. Yet nearly all of Defendants' election-crimes evidence, including Mr. Biggs' testimony, relates to incidents *outside* of those counties, making them doubly irrelevant.

Defendants' election-crimes evidence serves to distract the Court from the central inquiry here: whether past-and-present conditions in the relevant areas of

Alabama result in discrimination in violation of Section 2. Any digression into witness examinations or rebuttals over instances of voter fraud is collateral to the issues at stake here and will waste time by creating a trial within a trial. "There is no right to impeach a witness with respect to collateral or irrelevant matters." *United States v. Hawkins*, 661 F. 2d 436, 444 (5th Cir. 1981). Mr. Biggs can provide no relevant evidence in this case since election-crimes evidence speaks to intent or motivation behind state action, and the election crimes Mr. Biggs prosecuted all occurred outside the challenged districts in this case. Accordingly, the Court should preclude his testimony on these extraneous issues. *See Anderson v. WBMG-42*, 253 F.3d 561, 567 (11th Cir. 2001) (affirming the decision to prevent a "lengthy examination and perhaps lengthier rebuttal" on "collateral issues" in a racial discrimination trial).

Defendants' dozens of election crimes exhibits and proposed testimony of Mr. Biggs concerning areas of Alabama not at issue do not bear on relevant factual issues and will merely waste time. The Court should preclude them.

II. **Defendants' Fayette County Witnesses' Testimony Will Not Inform the Court's Localized Analysis of State Senate Districts in the Huntsville and Montgomery Areas and, thus, Are Irrelevant and Inadmissible.**

The question in a VRA districting case is "whether line-drawing dilutes the voting strength of the [Black voters]" in the particular districts at issue. *League of United Latin Am. Citizens v. Perry*, 548 U.S. 399, 437 (2006). If Plaintiffs prove a

7

Section 2 violation "for a particular area, it flows from the fact that individuals in this area 'have less opportunity than other members of the electorate to participate in the political process and to elect representatives of their choice.'" *Shaw v. Hunt*, 517 U.S. 899, 917 (1996) (citation omitted). By contrast, evidence that bears only on "pockets of other [ ] districts" does not address the question at issue. *Harris v. McCrory*, 159 F. Supp. 3d 600, 624 (M.D.N.C. 2016), *aff'd sub nom. Cooper v. Harris*, 581 U.S. 285 (2017).

Defendants have designated two witnesses from Fayette County—Bill McCollum and Valerie Branyon—because they are "[B]lack Republican[s]," each of whom can testify about their "choice to affiliate with the Republican Party," their "experiences campaigning," and their "relationship/interactions with the Alabama Republican Party at the State and/or local level." Ex. A at 2–3. But their local experiences running for office in Fayette County are irrelevant to whether Black voters in the Huntsville and Montgomery areas suffer dilution in the challenged districts. *See Abbott v. Perez*, 585 U.S. 579, 616 (2018) (holding that the VRA "redistricting analysis must take place at the district level" and when a court "fail[s] to perform that district-level analysis" it goes "astray").

Statewide evidence, such as statewide elections or the relationship between these Black candidates and the State Republican Party, can be relevant. *See, e.g.*, *Milligan*, 599 U.S. at 22 (assessing Black electoral success in the challenged districts

8

and statewide races); *Gingles*, 478 U.S. at 39–40 (considering Black registration statistics and electoral successes "both statewide and in the challenged districts"). But neither witness had much to say on this issue. When asked about her relationship with the state Republican Party, Ms. Branyon testified that she has not "received any money or anything, but they did contact me, and they asked me to come down to Montgomery to a training," which was about "basically how to campaign." Branyon Dep. 36:7–25 (attached as Ex. D). For Mr. McCollum, he testified only that the State Party had not given him an endorsement or any financial support, McCollum Dep. 24:2–26, but that he had been elected to the state executive committee. *Id.* at 72:16–73:22 (attached as Ex. E). To the extent that the Court or the Secretary believe these facts might be relevant, Plaintiffs will stipulate to them. Live testimony, however, is unnecessary.

Beyond these spare references, these witnesses' experiences are specific only to Fayette County. They offer no testimony, nor could they, that bears on political participation by Black Alabamians in either political party in the Huntsville or Montgomery regions. *See Abbott*, 585 U.S. at 619 (declining to consider evidence from beyond the challenged districts where it had no "logical bearing" on "present local conditions"). These witnesses' personal stories do not bear on the Court's "intensely local appraisal of the electoral mechanism at issue." *Milligan*, 599 U.S. at

9

19 (cleaned up). The Court should preclude their testimony as irrelevant and likely to waste time.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request this Court prohibit the Secretary from introducing evidence or argument regarding voter fraud or other election crimes, including the testimony of Greg Biggs, as irrelevant and inadmissible. Fed. R. Evid. 402 and 403. Similarly, because the testimony of Mr. McCollum and Ms. Branyon regarding local Fayette County elections is irrelevant to the challenged districts, and any probative value is substantially outweighed by the danger of causing confusion and undue delays in this already complex case, the Court should preclude their testimony. Fed. R. Evid. 402 and 403.

DATED this 20th day of September, 2024

Respectfully submitted,

/s/ Alison Mollman
Alison Mollman
Laurel Hattix
AMERICAN CIVIL LIBERTIES UNION OF ALABAMA
P.O. Box 6179
Montgomery, AL 36106-0179
(334) 265-2754
amollman@aclualabama.org
lhattix@aclualabama.org

/s/ Deuel Ross
Deuel Ross*
NAACP LEGAL DEFENSE & EDUCATIONAL FUND, INC.

/s/ Davin M. Rosborough
Davin M. Rosborough*
Dayton Campbell-Harris*
Theresa J. Lee*
Sophia Lin Lakin*
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad St.
New York, NY 10004
(212) 549-2500
drosborough@aclu.org
dcampbell-harris@aclu.org
tlee@aclu.org
slakin@aclu.org

700 14th Street NW Ste. 600  
Washington, DC 20005  
(202) 682-1300  
dross@naacpldf.org  

Leah Aden*  
Stuart Naifeh*  
Kathryn Sadasivan (ASB-517-E48T)  
Brittany Carter*  
Ashley Burrell*  
Colin Burke*  
NAACP LEGAL DEFENSE &  
EDUCATIONAL FUND, INC.  
40 Rector Street, 5th Floor  
New York, NY 10006  
(212) 965-2200  
laden@naacpldf.org  
snaifeh@naacpldf.org  
ksadasivan@naacpldf.org  
bcarter@naacpldf.org  
aburrell@naacpldf.org  
cburke@naacpldf.org  
David Dunn*  
HOGAN LOVELLS US LLP  
390 Madison Avenue  
New York, NY 10017  
(212) 918-3000  
david.dunn@hoganlovells.com  

Blayne R. Thompson*  
HOGAN LOVELLS US LLP  
609 Main St., Suite 4200  
Houston, TX 77002  
(713) 632-1400  
blayne.thompson@hoganlovells.com  

Michael Turrill*  
Harmony R. Gbe*  
James W. Ettinger*  
HOGAN LOVELLS US LLP  

Jacob van Leer*  
AMERICAN CIVIL LIBERTIES UNION  
FOUNDATION  
915 15th St. NW  
Washington, DC 20005  
jvanleer@aclu.org  

/s/ Sidney Jackson  
Sidney Jackson (ASB-1462-K40W)  
Nicki Lawsen (ASB-2602-C00K)  
WIGGINS, CHILDS, PANTAZIS,  
FISHER & GOLDFARB  
301 19th Street  
North Birmingham, AL 35203  
(205) 314-0500  
sjackson@wigginschilds.com  
nlawsen@wigginschilds.com  

/s/ Jack Genberg  
Bradley E. Heard*  
Jack Genberg*  
Jess Unger*  
SOUTHERN POVERTY LAW CENTER  
150 E. Ponce de Leon Avenue, Suite  
340 Decatur, GA 30030  
(404) 521-6700  
bradley.heard@splcenter.org  
jack.genberg@splcenter.org  
jess.unger@splcenter.org  

Avner Shapiro*  
SOUTHERN POVERTY LAW CENTER  
1101 17th Street NW  
Suite 510  
Washington, DC 20036  
240-890-1735  
avner.shapiro@splcenter.org  

Jessica L. Ellsworth*  
Shelita M. Stewart*  

11

| | |
|---|---|
| 1999 Avenue of the Stars Suite 1400 | Amanda N. Allen* |
| Los Angeles, CA 90067 | HOGAN LOVELLS US LLP |
| (310) 785-4600 | 555 Thirteenth Street, NW |
| michael.turrill@hoganlovells.com | Washington, DC 20004 |
| harmony.gbe@hoganlovells.com | (202) 637-5600 |
| jay.ettinger@hoganlovells.com | jessica.ellsworth@hoganlovells.com |
| | shelita.stewart@hoganlovells.com |
| | amanda.n.allen@hoganlovells.com |

*Attorneys for Plaintiffs*

\*Admitted *pro hac vice*

## CERTIFICATE OF SERVICE

I hereby certify that on September 20, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record in this case.

/s/ Davin M. Rosborough
Davin M. Rosborough
American Civil Liberties Union
    Foundation
125 Broad St.
New York, NY 10004
(212) 549-2500
drosborough@aclu.org
