FILED
2024 Sep-24 PM 05:27
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **KHADIDAH STONE**, *et al.*, | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | ) Case No.: 2:21-cv-1531-AMM |
| | ) |
| **WES ALLEN**, *in his official capacity as Alabama Secretary of State*, | ) |
| | ) |
| **Defendant.** | ) |

## ORDER

This redistricting case is before the court on a motion for partial summary judgment filed by Alabama Secretary of State Wes Allen ("the Secretary"), Doc. 166, and a motion for summary judgment filed by Alabama State Representative Chris Pringle ("Representative Pringle"), Doc. 168. For the reasons explained below, the Secretary's motion for partial summary judgment is **DENIED**. Representative Pringle's motion for summary judgment is **DENIED AS MOOT**.

### I. BACKGROUND

This redistricting case challenges Alabama's districting map for State Senate elections. The Plaintiffs allege that "Senate Bill 1, the 2021 Alabama State Senate Redistricting law ('SB 1' . . .), denies Black Alabamians an equal opportunity to participate in the political process and elect candidates of their choice . . . in both the

Montgomery and Huntsville regions." Doc. 126 ¶ 2. The Plaintiffs contend that this denial of equal opportunity violates Section Two of the Voting Rights Act of 1965 ("Section Two"). *Id.* The "Plaintiffs seek to enforce their Section 2 rights and remedies through 42 U.S.C. § 1983 and 52 U.S.C. §§ 10302(a), (b), (c)." *Id.* ¶ 176.

Representative Pringle and Senator Steve Livingston, Doc. 130, and the Secretary, Doc. 131, filed motions to dismiss the operative complaint, Doc. 126. Those motions were denied, except that the motion to dismiss Senator Livingston on the basis of legislative immunity was granted. Doc. 143 at 1.

Later, the Plaintiffs filed an unopposed motion to dismiss Representative Pringle, Doc. 169, which the court granted, Doc. 170. Accordingly, Representative Pringle's motion for summary judgment is **DENIED AS MOOT**. The Secretary's motion for partial summary judgment is fully briefed. Docs. 172–73.

## II.   LEGAL STANDARDS

A party moving for summary judgment must establish "that there is no genuine dispute as to any material fact and [that] the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it could "affect the outcome" of the case. *Furcron v. Mail Ctrs. Plus, LLC*, 843 F.3d 1295, 1303 (11th Cir. 2016) (internal quotation marks omitted) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A material fact is in "genuine" dispute "if the evidence is such that a reasonable jury could return a verdict for the nonmoving

party." *Id.* (quoting *Anderson*, 477 U.S. at 248). In deciding a motion for summary judgment, the court's function is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249. "[T]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Tolan v. Cotton*, 572 U.S. 650, 651 (2014) (quoting *Anderson*, 477 U.S. at 255).

"Summary judgment in [redistricting] cases presents particular challenges due to the fact-driven nature of the legal tests required by the Supreme Court and [Eleventh Circuit] precedent." *Ga. State Conf. of NAACP v. Fayette Cnty. Bd. of Comm'rs*, 775 F.3d 1336, 1348 (11th Cir. 2015); *see also Wright v. Sumter Cnty. Bd. of Elections & Registration*, 657 F. App'x 871, 872 (11th Cir. 2016) (reversing a district court's grant of summary judgment in a Section Two case and holding that "the District Court erred by improperly weighing the evidence and making credibility determinations at the summary-judgment stage").

### III. ANALYSIS

#### A. First *Gingles* Precondition

The Secretary argues that parts of this case should not proceed to trial because the Plaintiffs cannot establish a required precondition for a Section Two claim—namely that the "minority group must be sufficiently large and [geographically] compact to constitute a majority in a reasonably configured district." *Allen v.*

3

*Milligan*, 599 U.S. 1, 18 (2023) (quoting *Wis. Legis. v. Wis. Elections Comm'n*, 595 U.S. 398, 402 (2022)); *see Thornburg v. Gingles*, 478 U.S. 30 (1986). The Secretary cites evidence that the minority group is not sufficiently large, *see* Doc. 166 at 17, and that the Plaintiffs' proposed remedy is not a reasonably configured district, *see id.* at 31. The Plaintiffs contend that the evidence establishes the opposite. *See* Doc. 172 at 21, 35.

The parties' evidence on this precondition creates a triable issue of material fact that the court cannot resolve at summary judgment. Resolution of this dispute will require the court to weigh evidence and evaluate the credibility of witnesses, which the court cannot perform at summary judgment. *Blanco v. Samuel*, 91 F.4th 1061, 1070 (11th Cir. 2024). But the court may perform those functions at a bench trial. *United States v. Stein*, 881 F.3d 853, 857 (11th Cir. 2018). Accordingly, the Secretary's motion for partial summary judgment is **DENIED**.

### B. Standing

Representative Pringle argued in his motion for summary judgment that the Plaintiffs lack standing to challenge the districting map in Huntsville. Doc. 168 at 24–30. The Secretary did not raise a standing argument in his motion, but he argued in his reply in support of partial summary judgment that the Plaintiffs lack standing to challenge the Huntsville map. Doc. 173 at 3–5. Although Representative Pringle's motion is now moot, and the Secretary did not raise a standing argument in his initial

4

motion, this court "is obligated, as a jurisdictional matter, to confirm the Plaintiffs' standing to bring this case." *Greater Birmingham Ministries v. Sec'y of State*, 992 F.3d 1299, 1316 (11th Cir. 2021).

Representative Pringle and the Secretary do not contest the plaintiffs' standing to challenge the districting map in Montgomery. They acknowledge that Ms. Stone and Mr. Milligan, the individual plaintiffs in this action, are residents of Montgomery County. Doc. 168 at 25; Doc. 173 at 3.

But Representative Pringle and the Secretary argue that Ms. Stone and Mr. Milligan "cannot demonstrate standing to bring claims related to the Huntsville Senate Districts" due to their residency in Montgomery County. Doc. 168 at 25; *see also* Doc. 173 at 3–4. They further argue that the two organizational plaintiffs—the Alabama State Conference of the NAACP and Greater Birmingham Ministries—failed to show that they have members who reside in Huntsville sufficient for them to challenge the districting map in that area. Doc. 168 at 25–26; Doc. 173 at 3–4.

"Article III of the Constitution limits the subject-matter jurisdiction of federal courts to 'Cases' and 'Controversies.'" *Jacobson v. Fla. Sec'y of State*, 974 F.3d 1236, 1245 (11th Cir. 2020) (quoting U.S. Const. art. III, § 2). To satisfy the "case" or "controversy" requirement, an organization may demonstrate standing in two ways: (1) "associational standing based on the injuries of [its] members" or (2) "organizational standing based on [its] own injuries." *Id.* at 1248–49. To assert

associational standing, an organization must show that "(a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." *Am. All. for Equal Rts. v. Fearless Fund Mgmt., LLC*, 103 F.4th 765, 771 (11th Cir. 2024) (quoting *Students for Fair Admissions, Inc. v. President & Fellows of Harv. Coll.*, 600 U.S. 181, 199–200 (2023)).

An organization asserting associational standing must "make specific allegations establishing that at least one identified member ha[s] suffered or [will] suffer harm." *Ga. Republican Party v. Sec. & Exch. Comm'n*, 888 F.3d 1198, 1203 (11th Cir. 2018) (quoting *Summers v. Earth Island Inst.*, 555 U.S. 488, 498 (2009)). Further, "in response to a summary judgment motion, the plaintiff can no longer rest on . . . mere allegations, but must set forth by affidavit or other evidence specific facts" establishing standing. *Id.* at 1201 (internal quotation marks omitted) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992)).

Representative Pringle and the Secretary do not contest that "this lawsuit is germane to both organizations, whose purposes focus on voter rights and equal opportunity for minority voters" and that the claims asserted do not "require the participation of the individual members in this lawsuit." *Greater Birmingham Ministries*, 992 F.3d at 1316. Thus, the only question is whether the organizations

have established that their "members would otherwise have standing to sue in their own right." *Id.* (quoting *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 343 (1977)).

The State Conference has established that it has members affected by the districting map in Huntsville. The State Conference identified a specific member of its organization who resides in and is registered to vote in Huntsville whose vote is allegedly diluted by the districting map in that area. Doc. 171-4 at 5.

Representative Pringle and the Secretary argue that the membership structure of the State Conference precludes it from demonstrating associational standing, but the evidence establishes otherwise. Although the President of the State Conference testified that "the State Conference itself does not have members," the President further explained that "[e]very member that serves in the State Conference is a member of a branch or a college chapter within the State Conference[]" who has been "elected to serve as a member of the State Conference." Doc. 171-2 at 12. Put simply, the members of the State Conference are members because they have been elected to that representative status.

The reality that membership in the State Conference is by election from the local chapters does not diminish the ability of the State Conference to establish associational standing. Controlling Eleventh Circuit precedent confirms this analysis. *See, e.g, Greater Birmingham Ministries*, 992 F.3d at 1316 (holding that

the State Conference "ha[s] members (minority voters in Alabama)" for standing purposes); *see also Fla. State Conf. of N.A.A.C.P. v. Browning*, 522 F.3d 1153, 1164 (11th Cir. 2008) (concluding that the Florida State Conference of the NAACP "ha[d] standing to sue on behalf of [its] members"). Because the State Conference has identified at least one member who is registered to vote in Huntsville, Doc. 171-4 at 5, the court concludes that the State Conference has associational standing.

Because the State Conference has associational standing, this court need not decide whether Greater Birmingham Ministries has standing to challenge the districting map in that area. *See Florida v. U.S. Dept. of Health & Hum. Servs.*, 648 F.3d 1235, 1243 (11th Cir. 2011), *rev'd on other grounds sub nom. Nat'l Fed'n of Indep. Bus. v. Sebelius*, 567 U.S. 519 (2012) ("The law is abundantly clear that so long as one plaintiff has standing to raise each claim[,] … [a federal court] need not address whether the remaining plaintiffs have standing.").

## IV.    CONCLUSION

The Secretary's motion for partial summary judgment is **DENIED**. Representative Pringle's motion for summary judgment is **DENIED AS MOOT**.

**DONE** and **ORDERED** this 24th day of September, 2024.



_____
**ANNA M. MANASCO**
UNITED STATES DISTRICT JUDGE

8