# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| ALABAMA STATE CONFERENCE OF THE NAACP, *et al.*, | ) ) ) |
| *Plaintiffs*, | ) ) |
| v. | ) )   Case No. 2:21-cv-1531-AMM |
| WES ALLEN, in his official capacity as Alabama Secretary of State, *et al.*, | ) ) ) ) |
| *Defendants*. | ) |

## JOINT STATUS REPORT

The Parties hereby submit the following Joint Status Report in response to the Court's August 22, 2025, Injunction and Order, requiring that the Parties "file a joint status report with the parties' proposals for moving the case forward." Doc. 274 at 248. These positions follow from the Parties' meet and confer, held on Tuesday, August 26, 2025.

**I.    Plaintiffs' Position**

Plaintiffs understand that the Secretary intends to seek a stay of the Court's injunction. Assuming the Secretary proceeds to file a stay, Plaintiffs respectfully request at least five business days to file their response in opposition.

Plaintiffs also understand that Secretary Allen believes that a newly enacted Senate plan must be in place by November 17, 2025, to allow proper time for election

officials and candidates to prepare for the Primary Elections on May 19, 2026. Plaintiffs dispute whether election officials and prospective candidates need six months for this process, given the shorter timelines in which election officials have previously put in place new maps in Alabama. Plaintiffs therefore reserve their rights to contest this assertion.

Nonetheless, for purposes of avoiding additional argument on that date at this time, Plaintiffs propose the following remedial deadlines and steps timed off of the Secretary's November 17 date. The dates are dependent on whether the Legislature wishes to draw a new map and the Governor chooses to call a Special Session for the Legislature to draw a new map, and whether any such new map complies with the Court's order.

Plaintiffs do not object to the appointment of a Special Master should the Court wish to appoint one as a contingency for the Legislature's failure to adopt a new plan or the Court sustaining Plaintiffs' objection to a new plan.

1. **September 15, 2025**: Selection of a contingent special master and/or demographer after input from the Parties.
2. **September 22, 2025** (31 days from entry of Court's injunction): Latest date by which the Legislature enacts new plan for November 2026 elections.
3. **September 30, 2025:**

 a. <u>If the Legislature passes a Plan and Plaintiffs object</u>: deadline for objections, including alternative plans and supplemental expert reports;

 b. <u>If the Legislature does not pass a Plan</u>: deadline for filing of alternative plans and supplemental expert reports.

4. **October 7, 2025:**

 a. <u>If the Legislature passes a Plan and Plaintiffs object</u>: response deadline to Plan objections;

 b. <u>If the Legislature does not pass a Plan</u>: deadline for filing of briefs responding to proposed plans.

5. **October 11, 2025:**

 a. <u>If the Legislature passes a Plan and Plaintiffs object</u>: reply deadline on Plan objections;

 b. <u>If the Legislature does not pass a Plan</u>: deadline for filing reply briefs responding to proposed plans.

6. **October 17, 2025** (or as soon as the Court may Order):

 a. <u>If the Legislature passes a Plan and Plaintiffs object</u>: Hearing on objections to Plan (if necessary).

 b. <u>If the Legislature does not pass a Plan</u>: Hearing on proposed plans with Special Master (if necessary)

## II.    Defendants' Position

Secretary Allen's staff have reviewed the election calendar and considered which counties will likely be impacted by a remedial map. As the Secretary has said before, it is not possible to provide a date and say with confidence that Alabama can implement a remedial map entered by that date without disruption and confusion. *See Milligan v. Allen* doc. 162. While the parties do not now know how extensive the changes will be or how many voters will have to be assigned in which counties, we do know that the Thanksgiving and Christmas holidays will fall during the time that Registrars are re-assigning voters, and it is likely that one or more of the counties impacted by a remedial plan will be required to reassign manually. All this considered, the Secretary believes that a remedial map for the 2026 election would need to be in place on or before **November 17, 2025** to mitigate these concerns.

Secretary Allen does not know at this time if the Alabama Legislature will avail itself of the opportunity to draw a remedial map. Counsel have communicated with Legislative leadership and with the Governor's office and understand that Legislators are actively discussing the matter and considering their options. Pending the determination of any motion to stay that may be filed with the Court, Legislative leadership is expected to inform counsel for the Secretary and the Governor's office of their desires as soon as possible. Secretary Allen will inform the Court and Plaintiffs' counsel when he knows the Legislature's decision.

If the Legislature decides to enact a new Senate map, there will need to be sufficient time for the Court to review it, with the parties' input. Secretary Allen expects that the Legislature would take any action in either late September or early October, so that there is a map for this Court's review by October 10. Given the logistics involved in calling a special session, and certain timing demands and waiting periods required by the legislative process, it is not known at this time if the Plaintiffs' proposed deadline of September 22, 2025 would provide a realistic opportunity for the Legislature to act if it chooses to do so. The Secretary objects to incurring expense for a special master before it is evident that a special master is necessary.

Secretary Allen intends to appeal this Court's judgment. Secretary Allen also will ask this Court to stay its judgment as other redistricting courts have done while we all await the Supreme Court's decision in *Louisiana v. Callais*, scheduled for argument on October 15, 2025. The Secretary expects to be able to file his motion to stay with this Court this week.

.

DATED this 28th day of August 2025.

*/s/ Alison Mollman*
Alison Mollman (ASB-8397-A33C)
Laurel Hattix (ASB-4592-E20I)
AMERICAN CIVIL LIBERTIES UNION OF ALABAMA
P.O. Box 6179
Montgomery, AL 36106-0179
(334) 265-2754
amollman@aclualabama.org
lhattix@aclualabama.org

*/s/ Deuel Ross*
Deuel Ross*
NAACP LEGAL DEFENSE & EDUCATIONAL FUND, INC.
700 14th Street N.W. Ste. 600
Washington, DC 20005
(202) 682-1300
dross@naacpldf.org

Leah Aden*
Stuart Naifeh*
Kathryn Sadasivan (ASB-517-E48T)
Brittany Carter*
Colin Burke*
NAACP LEGAL DEFENSE & EDUCATIONAL FUND, INC.
40 Rector Street, 5th Floor
New York, NY 10006
 (212) 965-2200
laden@naacpldf.org
snaifeh@naacpldf.org
ksadasivan@naacpldf.org
bcarter@naacpldf.org
cburke@naacpldf.org

Respectfully submitted,

*/s/ Davin M. Rosborough*
Davin M. Rosborough*
Dayton Campbell-Harris*+
Sophia Lin Lakin*
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad St.
New York, NY 10004
 (212) 549-2500
drosborough@aclu.org
dcampbell-harris@aclu.org
slakin@aclu.org

Jacob van Leer*
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
915 15th St. NW
Washington, DC 20005
jvanleer@aclu.org

/s/ *Sidney Jackson*
Sidney Jackson (ASB-1462-K40W)
Nicki Lawsen (ASB-2602-C00K)
WIGGINS, CHILDS, PANTAZIS, FISHER, & GOLDFARB
301 19th Street
North Birmingham, AL 35203
(205) 314-0500
sjackson@wigginschilds.com
nlawsen@wigginschilds.com

*/s/ Jack Genberg*
Bradley E. Heard
Jack Genberg*
SOUTHERN POVERTY LAW CENTER
150 E. Ponce de Leon Avenue, Suite 340 Decatur, GA 30030

Jessica L. Ellsworth*
Shelita M. Stewart*
Amanda N. Allen*
HOGAN LOVELLS LLP
555 Thirteenth Street, NW
Washington, DC 20004
(202) 637-5600
jessica.ellsworth@hoganlovells.com
shelita.stewart@hoganlovells.com
Amanda.n.allen@hoganlovells.com

David Dunn*
HOGAN LOVELLS LLP
390 Madison Avenue
New York, NY 10017
(212) 918-3000
david.dunn@hoganlovells.com

Blayne R. Thompson*
HOGAN LOVELLS US LLP
609 Main St., Suite 4200
Houston, TX 77002
(713) 632-1400
blayne.thompson@hoganlovells.com

(404) 521-6700
Bradley.heard@splc.org
jack.genberg@splcenter.org

Avner Shapiro*
SOUTHERN POVERTY LAW CENTER
1101 17th Street NW, Suite 510
Washington, DC 20036
240-890-1735
avner.shapiro@splcenter.org

Michael Turrill*
James W. Ettinger*
HOGAN LOVELLS US LLP
1999 Avenue of the Stars
 Suite 1400
Los Angeles, CA 90067
(310) 785-4600
michael.turrill@hoganlovells.com
jay.ettinger@hoganlovells.com

*Attorneys for Plaintiffs*

*Admitted *pro hac vice*
+ Admitted only in Washington State

Steve Marshall
  *Attorney General*

<u>*/s/ James W. Davis*</u>
Edmund G. LaCour Jr. (ASB-9182-U81L)
  *Solicitor General*

James W. Davis (ASB-4063-I58J)
  *Deputy Attorney General*

Richard D. Mink (ASB-4802-M76R)
Misty S. Fairbanks Messick (ASB-1813-T71F)
Brenton M. Smith (ASB-1656-X27Q)
Benjamin M. Seiss (ASB-2110-O00W)
  *Assistant Attorneys General*

OFFICE OF THE ATTORNEY GENERAL
STATE OF ALABAMA
501 Washington Avenue
P.O. Box 300152
Montgomery, Alabama  36130-0152
Telephone: (334) 242-7300
Fax: (334) 353-8400
Edmund.LaCour@AlabamaAG.gov
Jim.Davis@AlabamaAG.gov
Richard.Mink@AlabamaAG.gov
Misty.Messick@AlabamaAG.gov
Brenton.Smith@AlabamaAG.gov
Ben.Seiss@AlabamaAG.gov

Michael P. Taunton (ASB-6833-H00S)
Riley Kate Lancaster (ASB-1002-X86W)
BALCH & BINGHAM LLP
1901 Sixth Avenue North, Suite 1500
Birmingham, Alabama 35203
Telephone (205) 251-8100
MTaunton@Balch.com
RLancaster@Balch.com

***Counsel for Secretary of State Allen***