FILED

2025 Sep-28 PM 09:54
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT
COURT  FOR THE NORTHERN DISTRICT
OF ALABAMA SOUTHERN DIVISION**

ALABAMA STATE CONFERENCE
OF THE NAACP, *et al.*,

    *Plaintiffs*,

v.

WES ALLEN, in his official capacity
as Alabama Secretary of State,

    *Defendant*.

Case No. 2:21-cv-01531-AMM

**PLAINTIFFS' RESPONSE TO THE SECRETARY'S
NOTICE OF SUPPLEMENTAL AUTHORITY (DKT. 300)**

The Secretary's Notice of Supplemental Authority omits more helpful context regarding *McClure v. Jefferson County Commission*, No. 2:23-cv-00443-MHH, 2025 WL 2682401 (N.D. Ala. Sept. 16, 2025), than it includes. Three facts left out of the notice undermine the Secretary's motion for a stay pending *Callais*, Dkt. 278.

*First*, the Secretary fails to mention that the Defendants in *McClure* sought a stay as well, which the Court denied on Thursday. *See* Mem. Op. & Order, *McClure*, No. 2:23-cv-00443-MHH (Sept. 25, 2025), Dkt. 205 (attached as Ex. A). The Court found that "the plaintiffs will experience a substantial injury if the Commission

1

conducts the 2026 election under an unconstitutional districting plan," and that a "stay of remedial proceedings in this case will not serve the public interest." *Id.* at 5.

*Second*, the Secretary elides key facts in *McClure*. In correspondence with the U.S. Department of Justice that stretched from 1993 to 2013 regarding compliance with Section 5 of the Voting Rights Act (VRA), the Commission described its consistent creation of "districts containing African American majorities in excess of 65%" in Districts 1 and 2. *McClure*, 2025 WL 2682401, at *37–38. It maintained these thresholds without analyzing what the VRA requires. *Id.* at *37, *38, *40, *46.

This is worlds away from this Court's order to draw a remedial district in response to a specific, identified VRA violation without mandating a racial target. For example, a redrawn Senate District 25 could satisfy the VRA even if it kept the City of Prattville whole, did not expand into Elmore County, and was *not* a majority-Black district—so long as it provided Black voters had a fair chance to elect their preferred candidates. *See, e.g.*, *Abrams v. Johnson*, 521 U.S. 74, 93–94 (1997) (rejecting a "methodology of calculating" opportunity "based on strict racial percentages" and finding that majority-White crossover districts satisfied Section 2).

*Third*, in this case, the Secretary moved for stay pending the Supreme Court's decision in *Callais*, rather than a stay pending appeal. *See* Dkt. 278 at 4 ("this Court

should exercise this inherent authority and stay further proceedings pending the outcome of *Callais* . . . ."); *id.* at 8 ("even if staying this Court's injunction pending a decision in *Callais* implicates the four-factor test usually reserved for stays pending appeal . . . ."); *id.* at 15 ("this Court should stay further proceedings and its injunction preventing the State from using its enacted map pending the Supreme Court's decision in *Callais*."). The Secretary cites nothing in the *McClure* decision implicating the Supreme Court's decision in *Callais*.

Rather, the Secretary also asks a series of questions he characterizes as "imponderable." Notice at 4. For example, he asks "[h]ow much of the VRA district's preexisting core can be maintained without carrying forward potentially race-predominant districting?" *Id.* That has no relevance to the issue presented in the Secretary's stay motion or this case at all. In terms of questions looking forward to future census cycles, those answers already have been answered by the Supreme Court. A legislature may not "purposefully establish[ ] a racial target" whose "necessity is supported by no evidence." *Cooper v. Harris*, 581 U.S. 285, 299, 306 (2017). The Supreme Court even answered these questions for the Alabama Legislature: "the legislature asked the wrong question" by asking how it could "maintain present minority percentages in majority-minority districts," rather than

asking about the "minority's present ability to elect the candidate of its choice." *Ala. Legislative Black Caucus v. Alabama*, 575 U.S. 254, 279 (2015).

The problem in *McClure* was that the Commission did not follow the guidance of *Cooper* and *ALBC*. That has nothing to do with the pending *Callais* decision.

DATED this 28th day of September 2025.     Respectfully submitted,

*/s/ Alison Mollman*
Alison Mollman (ASB-8397-A33C)
Laurel Hattix (ASB-4592-E20I)
American Civil Liberties Union
of Alabama
P.O. Box 6179
Montgomery, AL 36106-0179
(334) 265-2754
amollman@aclualabama.org
lhattix@aclualabama.org

*/s/ Deuel Ross*
Deuel Ross*
NAACP Legal Defense &
Educational Fund, Inc.
700 14th Street N.W. Ste. 600
Washington, DC 20005
(202) 682-1300
dross@naacpldf.org

Leah Aden*
Stuart Naifeh*
Kathryn Sadasivan (ASB-517-E48T)
Brittany Carter*
Colin Burke*

*/s/ Davin M. Rosborough*
Davin M. Rosborough*
Dayton Campbell-Harris*+
Theresa J. Lee*
Sophia Lin Lakin*
American Civil Liberties Union
Foundation
125 Broad St.
New York, NY 10004
 (212) 549-2500
drosborough@aclu.org
dcampbell-harris@aclu.org
tlee@aclu.org
slakin@aclu.org

Jacob van Leer*
American Civil Liberties Union
Foundation
915 15th St. NW
Washington, DC 20005
jvanleer@aclu.org

/s/ *Sidney Jackson*
Sidney Jackson (ASB-1462-K40W)
Nicki Lawsen (ASB-2602-C00K)

NAACP Legal Defense &
Educational Fund, Inc.
40 Rector Street, 5th Floor
New York, NY 10006
 (212) 965-2200
laden@naacpldf.org
snaifeh@naacpldf.org
ksadasivan@naacpldf.org
bcarter@naacpldf.org
cburke@naacpldf.org

Jessica L. Ellsworth*
Shelita M. Stewart*
Amanda N. Allen*
Hogan Lovells LLP
555 Thirteenth Street, NW
Washington, DC 20004
(202) 637-5600
jessica.ellsworth@hoganlovells.com
shelita.stewart@hoganlovells.com
Amanda.n.allen@hoganlovells.com

David Dunn*
Hogan Lovells LLP
390 Madison Avenue
New York, NY 10017
(212) 918-3000
david.dunn@hoganlovells.com

Blayne R. Thompson*
HOGAN LOVELLS US LLP
609 Main St., Suite 4200
Houston, TX 77002
(713) 632-1400
blayne.thompson@hoganlovells.com

Wiggins, Childs, Pantazis, Fisher, &
Goldfarb
301 19th Street
North Birmingham, AL 35203
(205) 314-0500
sjackson@wigginschilds.com
nlawsen@wigginschilds.com

*/s/ Jack Genberg*
Bradley E. Heard
Jack Genberg*
Southern Poverty Law Center 150 E.
Ponce de Leon Avenue, Suite 340
Decatur, GA 30030
(404) 521-6700
Bradley.heard@splc.org
jack.genberg@splcenter.org

Avner Shapiro*
Southern Poverty Law Center
1101 17th Street NW, Suite 510
Washington, DC 20036
240-890-1735
avner.shapiro@splcenter.org

Michael Turrill*
James W. Ettinger*
HOGAN LOVELLS US LLP
1999 Avenue of the Stars
 Suite 1400
Los Angeles, CA 90067
(310) 785-4600
michael.turrill@hoganlovells.com
jay.ettinger@hoganlovells.com

**Attorneys for Plaintiffs**

5

\*Admitted *pro hac vice*
+ Practice Limited to Federal Court

6

## CERTIFICATE OF SERVICE

I hereby certify that on September 28, 2025, a copy of the foregoing has been

served on all counsel of record through the Court's CF/ECF system.

*/s/ Davin Rosborough*
Davin Rosborough
*Attorney for Plaintiffs*

7