FILED
2026 May-11  PM 03:32
U.S. DISTRICT COURT
N.D. OF ALABAMA

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 25-13007

_____

ALABAMA STATE CONFERENCE OF THE NAACP,
GREATER BIRMINGHAM MINISTRIES,
EVAN MILLIGAN,

*Plaintiffs-Appellees,*

LAQUISHA CHANDLER, et al.,

*Plaintiffs,*

*versus*

SECRETARY OF STATE FOR THE STATE OF ALABAMA,

*Defendant-Appellant,*

STEVE LIVINGSTON,

in his official capacity as Co-Chair of the Alabama Permanent
Legislative Committee on Reapportionment et al.,

*Defendants.*

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 2:21-cv-01531-AMM

_____

2                     Order of the Court                     25-13007

---

No. 25-14131

---

ALABAMA STATE CONFERENCE OF THE NAACP,
GREATER BIRMINGHAM MINISTRIES,
EVAN MILLIGAN,

*Plaintiffs-Appellees,*

LAQUISHA CHANDLER, et al.,

*Plaintiffs,*

*versus*

SECRETARY OF STATE FOR THE STATE OF ALABAMA,

*Defendant-Appellant,*

STEVE LIVINGSTON,
  in his official capacity as Co-Chair of the Alabama Permanent
  Legislative Committee on Reapportionment, et al.,

*Defendants.*

---

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 2:21-cv-01531-AMM

---

Before JORDAN, ROSENBAUM, and JILL PRYOR, Circuit Judges.

PER CURIAM:

The Alabama Secretary of State has filed an emergency motion for vacatur of the district court's permanent injunctions, or alternatively for a stay of the injunctions, based on the Supreme

Court's intervening decision in *Louisiana v. Callais*, ___ U.S. ___, 2026 WL 1153054 (Apr. 29, 2026).

1. The motion by the Secretary for vacatur on the merits of the district court's injunctions is DENIED. First, as a motions panel, we are not authorized to enter such a merits-based judgment on the pending appeals and then issue the mandate. *See* 11th Cir. R. 27-1(g) ("A ruling on a motion . . . is not binding upon the panel to which the appeal is assigned on the merits, and the merits panel may alter, amend, or vacate it."). Second, these appeals were stayed on the Secretary's motion pending the decision in *Callais*. As a result, the parties have not yet filed their briefs, and the appeals have not been assigned to a merits panel. Even if we had the authority to do so, we decline to address the merits of the Secretary's appeals without full briefing by the parties.

2. The alternative request by the Secretary for a stay of the injunctions is DENIED WITHOUT PREJUDICE. Federal Rule of Appellate Procedure 8 requires a party seeking a stay to first request relief in the district court absent a showing that it would be impracticable to do so. *See* Fed. R. App. P. 8(a)(1); Fed. R. App. P. 8(a)(2)(A)(i). "The cardinal principle with respect to stay applications under Rule 8 is that the relief ordinarily must first be sought in the lower court." 16A Wright & Miller, Fed. Prac. & Proc. Juris. § 3954 (5th ed. 2019 & Apr. 2026 update). *Accord* 20 Moore's Fed. Prac. Civ. § 308.40 (2026) ("Given the great desirability of having the district court first pass on the question of a stay or injunction pending appeal, it would seem that a showing of impracticability

4                           Order of the Court                    25-13007

would normally require a showing that the district judge is unavailable, or that, to be effective, relief must be immediate, and that based upon what occurred in the district court, relief from it is improbable.") (internal citation omitted).  A party's failure to persuasively explain why seeking a stay in the district court was impracticable is a sufficient ground to deny the motion.  *See Kendrick v. Sec'y, Fla. Dep't of Corr.*, No. 21-12686, 2022 WL 2388425, at *2 n.4 (11th Cir. July 1, 2022).  *Accord Hirschfeld v. Bd. of Elections*, 984 F.2d 35, 38 (2nd Cir. 1993); *SEC v. Dunlap*, 253 F.3d 768, 774 (4th Cir. 2001); *Whole Woman's Health v. Paxton*, 972 F.3d 649, 654 (5th Cir. 2020); *Archer v. Ray*, 188 F. App'x 799, 802 (10th Cir. 2006).  The Secretary's reasons for not seeking relief in the district court first—contained in a footnote in his reply—are not persuasive.  There is no reason why the Secretary could not, for example, have moved for a stay simultaneously in the district court and in this court, making the same arguments in both places.

Moreover, the Secretary's motion is based on *Callais*, a new and intervening Supreme Court decision.  The district court, which did not have the benefit of that decision when it issued the injunctions, and which is much more familiar with the record than we are, should be given the first opportunity to address the impact of *Callais*.  This is all the more so given that mail-in voting has already begun in Alabama under the state senate map ordered by the injunctions.  This added complexity makes it all the more important that the district court have the first opportunity to consider the parties' positions.

3.  Federal Rule of Civil Procedure 62(d) permits a district court to "suspend, modify, restore, or grant an injunction" pending appeal.  *See* Fed. R. Civ. P. 62(d).  Although we have not addressed the issue, other circuits have held that a district court does not have the power to *dissolve* a permanent injunction while that injunction is on appeal.  *See, e.g.*, *Coastal Corp. v. Texas Eastern Corp.*, 869 F.2d 817, 820 (5th Cir. 1989).  In an abundance of caution, we relinquish jurisdiction to the district court so that it can address the Secretary's expected forthcoming motion for vacatur and/or for a stay and, if warranted, modify, stay, or dissolve the injunction.  Once the district court has concluded proceedings and entered an order on the Secretary's expected motion (and any related motions filed by any of the parties), it shall notify this court so that the additional portions of the record can be transmitted.  The current appeals will remain in this court.

4.  On our own motion, we expedite the merits appeals on the following schedule.  The Secretary's initial brief is due May 19; the Appellees' answer brief is due May 26; and the Secretary's reply brief is due June 2.  Once the district court rules on the Secretary's expected motion for relief, the parties shall be provided an opportunity to file supplemental briefs, not to exceed 20 pages, on any new order.  The Secretary's supplemental initial brief shall be filed within seven days of the order; the Appellees' supplemental answer brief shall be filed seven days later; and the Secretary's supplemental reply brief shall be filed seven days after the Appellees' supplemental answer brief.

**SO ORDERED.**