## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| ALABAMA STATE CONFERENCE OF THE NAACP, *et al.*, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No.: 2:21-cv-1531-AMM |
| WES ALLEN, *in his official capacity as Alabama Secretary of State*, | ) ) ) ) ) | |
| Defendant. | ) | |

## ORDER

This case is before the Court on Alabama Secretary of State Wes Allen's emergency motion to vacate or stay the Court's permanent injunction. Docs. 274, 322. After a full trial, the Court permanently enjoined Alabama's 2021 state Senate districting plan because it unlawfully diluted Black voting strength in the Montgomery area, *see* Doc. 274, and Secretary Allen appealed to the United States Court of Appeals for the Eleventh Circuit, Doc. 277. The Court commenced remedial proceedings, Doc. 276, and the Secretary sought a stay, Doc. 278. The Court denied his request and instructed the Special Master to begin remedial proceedings for the purpose of "remediat[ing] the essential problem found in" the state Senate Plan. Doc. 307; *see also* Doc. 302.

The Secretary also sought a stay in the Circuit, which denied his motion. *See Alabama State Conf. of the NAACP v. Allen*, No. 25-13007, 2025 WL 3091433, at *1–2 (11th Cir. Oct. 30, 2025).

Upon the conclusion of remedial proceedings, the Court ordered the Secretary to administer state Senate elections according to a race-blind court-ordered map ("the Remedial Plan") that redrew two Senate districts, Districts 25 and 26. *See* Doc. 322 at 21. The Remedial Plan "pays significant respect to traditional districting principles," is reasonably compact, splits fewer municipalities than did the 2021 Plan, and respects communities of interest. *Id.* at 21–22. The Remedial Plan "leaves 97.6% of Alabama voters in the same districts the [2021] Plan provided for them." *Id.* at 22. It does nothing more than "unpack[] District 26 by moving some Black voters from District 26 into the adjacent District 25." *Id.* (citing Doc. 312-3). The Secretary is currently administering Alabama's 2026 state Senate primary elections under the Remedial Plan.

The Eleventh Circuit stayed the Secretary's appeal in anticipation of a Supreme Court ruling in *Louisiana v. Callais*, Nos. 24-109 & 24-110, another case involving claims about racially discriminatory vote dilution under Section Two of the Voting Rights Act of 1965, 52 U.S.C. § 10301.

On April 29, 2026, the Supreme Court decided *Callais*. The Secretary moved the Circuit to vacate or stay this Court's injunction, and the Circuit denied his request

2

for a stay, "relinquished jurisdiction" to this Court "so that it can address the Secretary's expected forthcoming motion for vacatur and/ or for a stay," and expedited merits briefing of the Secretary's appeal. *See* Doc. 339 at 3–5.

Now, the Secretary has moved this Court to vacate or stay its injunction because "it did not have the benefit of the Supreme Court's decision, which significantly 'update[d] the *Gingles* framework' to 'realign it with the text of §2 and constitutional principles.'" Doc. 342 at 1, 3–4 (quoting *Callais*, 2026 WL 1153054, at *14–15) (alteration in original).

The Secretary first argues that "[v]acatur is the norm in such situations, as the Supreme Court just demonstrated" by vacating and remanding Alabama's congressional redistricting cases that were pending at the Supreme Court. *Id.* at 2. So he seeks relief under Federal Rule of Civil Procedure 60(b)(5), which allows a party to seek relief when a judgment "is based on an earlier judgment that has been reversed or vacated." *Id.* at 8. He cites *Dillard v. City of Greensboro*, 74 F.3d 230 (11th Cir. 1996), where "the Eleventh Circuit 'vacate[d] the decision of the district court and remanded for a reevaluation of the proposed redistricting plans in light of'" new Supreme Court precedents, Doc. 342 at 9, 11–21 (alteration in original). But there is no judgment in this case that has been reversed or vacated.

The Secretary also argues that the Court should stay or modify its injunction under Federal Rule of Civil Procedure 62(d). *Id.* at 10. He argues that "he is likely

3

to succeed on the question before the Eleventh Circuit—whether to vacate and remand in light of *Callais*—and the equities demand it." *Id.* at 21–22. The plaintiffs oppose vacatur and a stay, and they argue that the Court's previous rulings remain undisturbed by *Callais*. *See* Doc. 345.

Under controlling precedent, "[a]n appeal . . . 'divests the district court of its control over those aspects of the case involved in the appeal.'" *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 740 (2023) (quoting *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982)); *accord, e.g.*, *United States v. Diveroli*, 729 F.3d 1339, 1341 (11th Cir. 2013). This means that "the district court has no authority to set aside its judgment, grant leave to amend the complaint, or allow any further litigation of the issues involved in the appeal." *Boyd v. Sec'y, Dep't of Corr.*, 114 F.4th 1232, 1238 (11th Cir. 2024). Exceptions include district court orders (1) in aid of the appeal, or (2) addressing collateral matters such as costs and attorneys' fees. *Id.* at 1238; *see also Zaklama v. Mount Sinai Med. Ctr.*, 906 F.2d 645, 648–49 (11th Cir. 1990).[1]

Consistent with the first exception, Federal Rule of Civil Procedure 62(d) expresses a district court's continuing authority to "suspend, modify, restore, or

---

[1] Examples of orders "in aid of the appeal" might include orders memorializing oral opinions in writing soon after the decision was rendered, *see, e.g.*, *Inland Bulk Transfer Co. v. Cummins Engine Co.*, 332 F.3d 1007, 1013 (6th Cir. 2003) (collecting cases), or orders protecting litigants and witnesses in the case of retaliation based on their use of the courts, *see, e.g.*, *EEOC v. Locals 14 & 15, Int'l Union of Operating Eng'rs*, 438 F. Supp. 876, 879–80 (S.D.N.Y. 1977).

grant an injunction" to preserve the status quo during an appeal. *See, e.g.*, *Pettway v. Am. Cast Iron Pipe Co.*, 411 F.2d 998, 1003 (5th Cir. 1969).[2] Rule 62(d) provides:

> **(d) Injunction Pending an Appeal.** While an appeal is pending from an interlocutory order or final judgment that grants, continues, modifies, refuses, dissolves, or refuses to dissolve or modify an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights. If the judgment appealed from is rendered by a statutory three-judge district court, the order must be made either:
>
> > **(1)** by that court sitting in open session; or
> >
> > **(2)** by the assent of all its judges, as evidenced by their signatures.

Fed. R. Civ. P. 62(d). "It is well settled that [Rule 62(d)] is expressive of the power in the courts to preserve the status quo pending appeal." *Pettway*, 411 F.2d at 1003; *see also id.* at n.11 (collecting cases).[3]

Under these precedents, the Court has no authority to vacate or stay its injunction. The Secretary has appealed the permanent injunction that he now asks this Court to stay, and his appeal is pending in the Eleventh Circuit. As things now stand, only the Eleventh Circuit can address the merits of the Secretary's arguments for vacatur or stay, and that court has indicated that it intends to do so—on an

---

[2] In *Bonner v. City of Prichard*, the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981. 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

[3] At the time the old Fifth Circuit decided *Pettway*, the substance of Rule 62(d) was housed in Rule 62(c). *See* 16A Wright & Miller's Fed. Prac. & Proc. § 3954 (5th ed.).

expedited basis. *Dillard* underscores this result: there, the Circuit vacated a district court's injunction in light of new Supreme Court case law. *See* 74 F.3d at 236. Accordingly, unless and until the Circuit stays, reverses, vacates, or otherwise renders the Court's injunction inoperable, it remains effective, and the Court lacks jurisdiction to do anything with it other than enforce it. *See, e.g.*, *U.S. Commodity Futures Trading Comm'n v. Escobio*, 946 F.3d 1242, 1251 (11th Cir. 2020) (per curiam).

Rule 62(d) requires the same result. This Court's injunction is the status quo in Alabama. Indeed, the Remedial Plan has been the status quo since this Court and the Circuit declined to stay it, and pursuant to the orders of this Court, the Secretary is using it for the 2026 Alabama Senate elections that are occurring now. Accordingly, a stay would upend Alabama's status quo, and Rule 62 does not authorize this Court to do that at this time. *See, e.g.*, *Pettway*, 411 F.2d at 1003.

In the ordinary course, Federal Rule of Appellate Procedure 8 and Supreme Court Rule 23 allow district courts to consider requests for stays pending appeals. Rule 62 still governs the substance of such requests in the district court. *See* 16A Wright & Miller's Federal Practice and Procedure § 3954 (5th ed.); *Int'l Ass'n of Machinists & Aerospace Workers, AFL-CIO v. E. Air Lines, Inc.*, 847 F.2d 1014, 1018 (2d Cir. 1988). And this is not an ordinary stay motion—it comes as merits briefing is underway.

6

The Circuit's invitation for this Court to consider the Secretary's request does not change the analysis. If this Court were to vacate or stay its injunction at this time, that ruling would likely inject new issues into the merits briefing currently underway in the Circuit, thereby affecting the scope of the matters well within the Circuit's grasp. Indeed, the Secretary spots one such issue. *See* Doc. 342 at 22–23; Doc. 346 at 1–3 (discussing *Purcell v. Gonzalez*, 549 U.S. 1 (2006), and related cases). This Court does not understand that any procedural rule permits it to interfere in the merits of a pending appeal in this way.

The Secretary's motion to stay is therefore **DENIED** for lack of jurisdiction.

**DONE** and **ORDERED** this 18th day of May, 2026.



_____
**ANNA M. MANASCO**
UNITED STATES DISTRICT JUDGE